JAMES T. D. WILSON ET AL. v. GLEN M. HARRIS ET AL.

No. 619.—Decided January 31, 1898.

**Power Coupled With Interest—Death—Survival—Probate Law—Present-
ment of Claim.**

Under the probate law of 1840 the failure to present to an administratrix within
one year after the granting of letters a note executed by the decedent and se-
cured by a deed of real property to a trustee, with power of sale, extinguished the
claim and lien securing same. A sale by such trustee under the power, though
made after the administration closed, was invalid, and the heir could not be re-
quired to pay the note before recovering the land from those holding under such
sale. (P. 429.)

ERROR to the Court of Civil Appeals for the Fourth District, in an
appeal from Harris County.

Glen M. Harris brought trespass to try title against James T. D.
Wilson, August Ludtke, and against Harriet A. Sargent and Anna L.
Plumb with whom were joined their husbands, and Frederick Miles.
Defendants had judgment, and on plaintiffs' appeal it was affirmed as to
Ludtke and reversed and rendered as to the other appellees. Applica-
tion for writ of error by Wilson was granted, and also a separate appli-
cation by Sargents, Plumbs and Miles.

The property involved was 82 acres known as lots 15 and 16 out of a
survey of two leagues of land patented to Wm. P. Harris and Robert
Wilson. Plaintiff Harris claimed, as sole heir of Wm. P. Harris, an
undivided one-half interest in both lots, alleging the other half to be-
long to Wilson.

Wilson acquired an undivided half interest in both lots under a con-
veyance from Robert Wilson, one of the original patentees. His un-
divided interest in lot 16 was not disputed; but he had made partition
of lot 15 with A. Ludtke and had the east half allotted to him, the west
to Ludtke.

Ludtke's claim was by mesne conveyances of an undivided half of lot
15 under the deed made by C. Ennis, trustee, in 1845, referred to in the
opinion; but after the partition with Wilson he acquired title to the
west half thereof by limitation.

Mrs. Sargent, Mrs. Plumb, and Frederick Miles claimed, under the
deed by C. Ennis, trustee, made in 1888, the one-half interest of Wm.
P. Harris in both lots.

The judgment of the Court of Civil Appeals awarded to appellant
Harris the undivided half of lot 16 claimed by Sargent, Plumb and
Miles, and an undivided half of the east half of lot 15, as against Wil-
son,—affirming Ludtke's judgment for west half.

*Baker, Botts, Baker & Lovett,* for plaintiffs in error Sargents,
Plumbs and Miles.—The judgment of the court below, in awarding to
Harriet A. Sargent et al., appellees, an undivided one-half interest in

lot 16 of the property in controversy, was correct, because title of William P. Harris, the father of appellant, and through whom appellant claims, passed to Harriet A. Sargent et al., appellees, by the sale made by Cornelius Ennis, trustee, on January 25th, 1888.   Rogers v. Watson, 81 Texas, 403.

Even if the court should hold that an undivided one-half interest in and to lot 16 of the property in controversy did not pass to Harriet A. Sargent et al., appellees, under the sale made by Cornelius Ennis, trustee, still, nevertheless, the judgment in favor of Harriet A. Sargent et al., appellees, for an undivided one-half interest in lot 16, is correct, because appellant failed and refused to return to Harriet A. Sargent et al., appellees, the principal and interest of the note executed and delivered by appellant's father to Augustus Miles, the ancestor of Harriet A. Sargent et al., appellees.   Howard v. North, 5 Texas, 290; Bailey v. White, 13 Texas, 114; Herndon v. Rice, 21 Texas, 455; Morton v. Welborn, 21 Texas, 772; French v. Grenet, 57 Texas, 273; Northcraft v. Oliver, 74 Texas, 168; Burns v. Ledbetter, 54 Texas, 374; Halsey v. Jones, 86 Texas, 491.

*Hutcheson, Campbell & Sears*, for plaintiff in error Jas. T. D. Wilson.—Appellant was not entitled to recover, because, by the sales under the deed of trust which his father executed, the title to the land in controversy passed to Miles, and through him to Ludtke, with whom Wilson partitioned.   Rogers v. Watson, 81 Texas, 403; Goldfrank y. Young, 64 Texas, 433; Fievel v. Zuber, 67 Texas, 278.

Appellant expressly alleged in his petition, that Jas. T. D. Wilson owned one-half of lot 15, and having gone to trial on that allegation, he will not be allowed to claim that Wilson should have any less than his half.

The part of lot 15, set apart to Wilson in his partition with Ludtke, belongs to Wilson in fee simple, and the appellant has no interest in it.

*Geo. H. Breaker*, for defendant in error.—The death of W. P. Harris revoked the power of sale contained in the deed of trust from him to Ennis and others, as trustees, and Ennis had no power of sale at either of the times when he sold the land in controversy.   Robertson v. Paul, 16 Texas, 472; Lindberg v. Finks, 7 Texas Civ. App., 391; Brackenridge v. Cobb, 85 Texas, 448; McLane v. Paschal, 47 Texas, 365; Peak v. Brinson, 71 Texas, 310; Black v. Rockmore, 50 Texas, 88.

When a claim is barred by a failure to present it to the administrator, it is barred against the heirs as well as the administrator, notwithstanding its payment was secured by a lien upon the lands, for with us administration is had as well of real as of personal property.   Gaston v. Boyd, 52 Texas, 282.

At neither of the sales made by the trustee, Ennis, was any money paid by the bidder; the purchasers were, or claimed to be, the beneficiaries in the deed of trust and holders of the debt secured thereby and

the amounts of their bids were simply credited on the debt, and they cannot, therefore, require the plaintiff in this cause, the heir of W. P. Harris, to pay them either the original amount of indebtedness or the amount of their bids before he can recover the land of them sold at said void sales.

Neither the appellant nor those through whom he claimed title were made a party to the suit of partition between Wilson and Ludtke, and Ludtke's title by limitation was not perfect at the time when the decree was rendered in that cause, and the plaintiff, Harris, is therefore not bound by that decree and it is void as to him; and the defendant, Ludtke, having acquired title to the west half of lot 15 by limitation since that decree, the plaintiff, Harris, is still entitled to his undivided half of the other half, the east half of said lot 15, which was set aside in that decree to Wilson, and judgment should therefore have been rendered in this cause for Harris against Wilson for an undivided half of the east half of said lot 15.

DENMAN, ASSOCIATE JUSTICE.—On March 17, 1841, W. P. Harris executed a trust deed to C. Ennis, trustee, conveying the land in controversy to secure the payment of the note of said Harris to Norton on the first day of January, 1843, said instrument being in the ordinary form, empowering the trustee upon default in payment of the note at maturity to sell the property to satisfy same. Harris died intestate in 1843, and in 1844 his wife was appointed administratrix of his estate and filed an inventory, including therein the property in controversy, and, the estate being insolvent, she and her bondsmen were discharged in 1846. Pending this administration the trustee, Ennis, on July 1, 1845, sold the property under said trust deed, and under that instrument he again sold it on January 24, 1888, and at such sales executed the proper deeds to the purchasers.

Glen M. Harris, sole heir of said W. P. Harris, in April, 1895, brought this suit against the parties claiming under said sales, to recover the property in controversy. The trial court having rendered judgment that he take nothing by his suit, the Court of Civil Appeals reversed and rendered such judgment in his favor, on the ground that the sales made by the trustee were void, and Harris was not bound to pay the note or any part thereof as a condition precedent to his right to recover the land. Harris v. Wilson, 40 S. W. Rep., 868. The claimants under such sales have brought the case to this court upon writ of error, complaining of such rulings. If these rulings be correct we are of the opinion that their judgment should be affirmed, as we do not think any of the other objections taken thereto are valid.

Upon careful consideration we have reached the conclusion that under the act of 1840, as construed in Graham v. Vining, 2 Texas, 433, the failure to present the note to the administratrix of Harris for allowance within one year after the granting of the letters of administration, extinguished the claim and lien securing same, said statute having been "in-

tended to give repose to all persons interested, creditors and heirs." Therefore there was no debt or lien to support either of said sales by the trustee, and there is no ground upon which a court can compel the heir to pay the note or any part thereof as a condition upon which it will render judgment in his favor for the land.    It results that the judgment of the Court of Civil Appeals must be affirmed.

*Affirmed.*