TEXAS LOAN AGENCY v. A. S. DINGEE ET AL.

Decided June 20, 1903.

**1.—Deed of Trust—Power of Sale—Revocation by Death.**

Where a deed of trust to secure purchase money due on land gave the trustee power to sell upon default, and provided that such power should not be revoked by the death of the grantor, and that the holder of the note secured should not be obliged to resort to the probate court to enforce his claim, a sale by the trustee after the grantor's death and pending administration on his estate was void, since the method prescribed by the statute for the collection of claims against decedents' estates is exclusive of all others.

**2.—Same—Administration—Waiver.**

The claim secured by the deed of trust, not having been presented to the administrator until after the land had been regularly sold by him under order of court and the administration closed, was thereby waived and its lien was lost.

**3.—Administration—Decedents' Estates—Additional Inventory.**

The statute specifically authorizes the return of an additional inventory by an administrator to include property not covered by the original inventory. Rev. Stats., art. 1793.

Appeal from the District Court of Tarrant. Tried below before Hon. Irby Dunklin.

*Frost, Neblett & Blanding,* for appellant.

*Carlock & Gillespie,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellant by appropriate assignments of error complains of the judgment of the District Court awarding to appellees the land in controversy, and insists that the same should be reversed and here rendered for it upon the following statement of the facts, which we adopt: "The title of appellant is as follows: It is shown that C. L. Frost is the common source of title to the land involved. On the 21st of September, 1889, A. C. Renfro and R. E. Renfro, his wife, executed a deed of trust to H. G. Damon for the benefit of appellant, conveying the land in controversy, to secure the payment of a note for $400 for money loaned, and which note was executed by the said Renfro and wife to appellant. This deed of trust was properly acknowledged and recorded in Jack County, Texas, where the land was located, on the 25th day of October, 1889, in volume 2, page 286. On the 9th day of May, 1890, H. C. Renfro and his wife, R. E. Renfro, executed a general warranty deed to C. L. Frost, conveying the land in controversy, and as a part of the consideration paid by Frost to Renfro for said land, the said Frost agreed and assumed to pay the note for $400 executed by said Renfro and wife to the Texas Loan Agency. On the 9th of January, 1895, C. L. Frost executed his note payable to the Texas Loan Agency, due on the 1st day of October, 1897, for $400, which note was executed in renewal and extension of the note above described. This last note executed by Frost was secured

by deed of trust and lien on the land in controversy, and the original note executed by Renfro to the appellant was extended and continued in full force, and all of the rights, liens and equities securing the debt were acknowledged and continued in full force.   W. R. Bright was named as trustee in the deed of trust executed by Frost for the benefit of appellant.   And the said deed of trust empowered the said Bright or his substitute to sell the land, in default of the payment of the note, at public sale in Jack County, after giving notice, etc.   This deed of trust provided, among other things, that the death of the grantor, Frost, should not postpone, affect, alter or revoke the power of the trustee to sell and convey the property, nor revoke nor alter any other of the covenants or agreements in the deed of trust, and that on default in the payment of the note, 'notwithstanding the death of the grantor,' the property could be sold, and the proceeds applied to the payment of the note; and it was further provided that the holder of the note should not be required to resort to the probate court for the purpose of establishing or collecting the note, or for the purpose of enforcing the lien of the deed of trust; and all of the powers given to Bright, trustee, could be exercised by Bright's substitute.   This deed of trust was properly acknowledged and properly recorded in Jack County, Texas, on the 28th day of February, 1895.   Bright died in December, 1895, and George Spiller was properly appointed substitute trustee under the provisions of the deed of trust, by the Texas Loan Agency, who was then the legal owner and holder of the note.   Spiller qualified as trustee, accepted the appointment, and on the 3d day of July, 1900, in accordance with the provisions of the trust deed, after giving the required notice for the time required, said trustee sold the property at public outcry to the Texas Loan Agency for $100, which was credited on the note held by it, and on the 3d day of July, 1900, executed a deed conveying said property to said Texas Loan Agency, appellant, which was properly acknowledged and recorded on the 20th of July, 1900, in Jack County, Texas.   At the time the land was sold by said Spiller to the Texas Loan Agency the note for $400 above specified, and the deed of trust securing the same, were owned and held by it.   The note was past due and unpaid, and the note is still owned by the Texas Loan Agency, and is now unpaid, save and except the sum of $100, credited on said note, as above stated.

"After the execution of the trust deed by Frost to Bright, as above stated, the taxes on the land in controversy, amounting to $40, were paid by the Texas Loan Agency.   In 1900, about the time Spiller, as trustee, executed the deed to appellant, it in good faith took possession of the land in controversy, and is now in possession of the same.   This, substantially, is the title of appellant.

"The title of appellees is as follows:   C. L. Frost, the common source of title, died in 1896, the exact date of his death not being shown more definitely.   The probate court of Tarrant County, Texas, had jurisdiction of the estate of the said Frost, and in November, 1897,

Horace Cobb was appointed administrator. Cobb filed the bond and affidavit required by law, and qualified as administrator in Tarrant County, Texas, and on the 9th day of November, 1897, he filed an inventory of the property belonging to said estate in said court. This inventory did not contain the property in controversy. Three tracts of land, all situated in Jack County, Texas, aggregating in value about $1500, and about 400 acres, were shown in the inventory. In 1898 Cobb resigned, and Mrs. Frost, the surviving wife of C. L. Frost, was appointed administratrix de bonis non on the 27th of May, 1898. She gave the required bond and qualified in May, 1898. On the 13th of September, 1900, an additional inventory was filed in the administration of said estate, which contained the property in controversy.

"On the 12th day of June, 1901, Mrs. Frost, as administratrix, regularly applied for and obtained an order from the probate court of Tarrant County to sell at private sale the land in controversy. On the 14th of May, 1902, Mrs. Frost filed her report, showing that she had sold the property in controversy to appellees for $50, which report, after inspection by the court, was confirmed and approved, and the administratrix ordered to make deed. In 1902 Mrs. Frost, as administratrix, executed and delivered a deed to appellees conveying the land in controversy.

"C. L. Frost was insolvent in 1896. He left a wife and children surviving him, and his estate continued insolvent throughout the administration. The estate was closed in September, 1902, and there were probated debts then against the estate remaining unpaid. Appellant's note and trust deed were never presented to the administratrix for allowance."

It has been frequently decided that the death of a mortgagor so far revokes the power conferred upon a trustee to sell, that a sale made pending an administration or within four years after the death of the mortgagor, is void. Robertson v. Paul, 16 Texas, 472; McLane v. Paschal, 47 Texas, 365; Black v. Rockmore, 50 Texas, 94; Abney v. Pope, 52 Texas, 288. This rule has also been held to extend to the purchaser of the mortgaged property, so that upon his death, even though he has not assumed the debt, the foreclosure must be had through the probate court, and not through a sale by the trustee. Buchanan v. Monroe, 22 Texas, 537; Whitmire v. May, 96 Texas, 317, 6 Texas Ct. Rep., 731. It is true that in some instances sales made by the trustee after the death of the mortgagor have been upheld, but this has been the decision only in those cases where there had been, and by reason of lapse of time could be, no administration. Rogers v. Watson, 81 Texas, 400; Swearingen v. Williams, 28 Texas Civ. App., 559, 67 S. W. Rep., 1061. But we know of no case where the power of the trustee to sell has been recognized where the sale was made, as in this case, while an administration upon the mortgagor's estate was yet pending.

Where there is an administration the method prescribed by our statute

for the collection of claims due from the estate is exclusive of all others and must be pursued. Claims secured by liens upon real estate constitute no exception to the rule. Buchanan v. Wagnon, 62 Texas, 375. Neither can it make any difference that the lien is to secure the purchase money of the real estate, as was expressly decided in the case of Robertson v. Paul, supra.

The land in controversy at all times constituted a part of Frost's estate, and after his death was subject to administration, charged, of course, with appellant's lien, and passed to the control of the administratrix. In this respect the case differs from Andrews v. Insurance Co., 92 Texas, 584; Fulton v. Bank, 26 Texas Civ. App., 115, 62 S. W. Rep., 85, and Williams v. Lumpkin, 74 Texas, 601, cited by counsel, for in those cases the property involved was not subject to the control of the deceased during his life nor to that of his administrator after his death, and therefore constituted no part of the estate for administration. It was not, as counsel urge, so much a question of contract of the parties, as it was the status which the law gave to the property. So we see no force in the contention that it was within the power of deceased to contract that on default in the payment of the note the trustee might sell notwithstanding the death of the grantor. Upon Frost's death the property, being, as we have seen, a part of his estate, was subject to administration, and it was for the law to say how liens against it should be enforced. Appellant having failed to present its claim to the administratrix for allowance, and the property having been sold and the administration closed, we think it has waived its rights and lost its debt and lien.

The action of the administratrix in making and returning an additional inventory embracing the property in controversy is specifically authorized by statute. Sayles' Texas Civ. Stats., art. 1973. No reason is assigned or apparent why appellees did not obtain a good title at the administratrix's sale, and the judgment of the District Court is therefore affirmed.

*Affirmed.*

Writ of error refused.