**SMITH et al. v. GAINES et al.  (No. 6777.)**

(Court of Civil Appeals of Texas. San Antonio. June 14, 1922. Rehearing Denied June 30, 1922.)

**1. Judgment ⬤⟶518—Suit by vendor to cancel contract to purchase for defects in title held not a collateral attack on judgment quieting title in vendor.**

Where a vendor, in order to be able to deliver a marketable title, filed suit to quiet title to land contracted to be conveyed and recovered judgment, an action to cancel the contract to purchase the land in question and to cancel certain deeds and to recover a sum of money paid, on the ground that the judgment was not sufficient to comply with the agreement to furnish a marketable title, was not a collateral attack on such judgment.

**2. Trial ⬤⟶365(1)—Finding against parties' contention of fraud in representations as to land held not to affect other issues of case.**

In a suit to cancel a contract to purchase certain lands, to cancel certain deeds, and to recover money paid for the land, and for damages for loss of cattle due to the failure of a water supply contrary to the representations of the vendor of the land, a finding against parties' charge of fraud in respect to the fact that the land was not watered and as to its value did not affect the other questions in issue.

**3. Vendor and purchaser ⬤⟶143—Purchaser held not estopped to demand a marketable title.**

Where a contract of purchase of land called for a marketable title, an agreement of the purchaser to permit a suit to be brought by the vendor to quiet title, to which the purchaser afterward objected because the suit as instituted would not quiet title as to all possible claimants, did not estop the purchaser from demanding a marketable title to the land.

**4. Vendor and purchaser ⬤⟶141—Objections of purchaser to title of land held proper.**

Where a contract to purchase land called for a marketable title, and in order to obtain a marketable title the vendor instituted a suit to quiet title, objections to the suit to quiet title by the purchaser on the ground of lack of necessary parties defendant, defective affidavits, and the failure to take an appeal from the decision quieting title were proper.

Error from District Court, Medina County; R. H. Burney, Judge.

Suit by Jno. W. Gaines and another against J. D. Smith and others. From judgment for plaintiffs, defendants bring error. Affirmed.

Victor Keller, of San Antonio, De Montel & Fly, of Hondo, and Hertzberg, Kercheville & Thomson, of San Antonio, for plaintiffs in error.

R. J. Noonan and L. J. Brucks, both of Hondo, and Gaines & Gaines, of San Antonio, for defendants in error.

COBBS, J. This suit is founded upon a contract made and entered into by and between Claude W. Gilliam, as party of the first part, and Jno. W. Gaines and R. C. Gaines, as parties of the second part, approved by J. D. Smith and Phœbe Smith; this contract being dated on the 10th day of May, 1920, by the terms of which Claude W. Gilliam contracted to sell to Jno. W. Gaines' and R. C. Gaines, 5,700 acres of land, more or less, in Medina county, Tex., for a consideration of $85,000, $21,375 to be paid in cash, the remainder to be paid in 5 and 10 years, to be evidenced by vendor's lien notes of the usual tenor; said contract further providing for the furnishing of an abstract showing marketable title to the land described. The contract for the sale of the land was to be consummated on or before July 1, 1920, and possession delivered to defendants in error, and the deeds to pass from J. D. Smith and his wife, Phoebe Smith, to them. The contract called for an abstract showing a marketable title, and provided that the trade should be consummated on or before July 1, 1920. The abstract delivered did not show a marketable title to parts of the land. That the abstract disclosed that the title to a considerable portion of the land was vested in Jos. N. Dunlap and Ed C. Minor or the survivors in trust for a number of parties. Plaintiffs in error, conceding the fact that a marketable title could not be shown to the lands, made and executed a supplemental contract, dated June 22, 1921, under and by the terms of which J. D. Smith and his wife, Phœbe Smith, executed a deed of conveyance to defendants in error to the described lands, who in turn executed their promissory notes for the deferred payments, for $16,375, and paying $5,000 in cash, the same together representing the amount of cash balance. The contract providing these papers were to be delivered to the First National Bank at Hondo, to be held in escrow until the title to the land was made marketable.

By the terms of the contract suit was to be filed to establish a title by limitation in the Smiths to the fall term of the district court of Medina county. The suit was filed, and copy of petition furnished defendants in error, who returned it, together with the abstract, pointing out objections thereto and the lack of necessary parties defendant therein, calling attention to the fact that a good marketable title to the lands was the paramount issue, preferring to extend time beyond the October term of court rather than having an invalid and ineffective suit brought. Notwithstanding, the suit was filed and prosecuted to judgment on the alleged defective pleadings, making known record owners parties defendant as unknown heirs or owners. Defective affidavits and

numerous defects were also pointed out by defendants in error. Defendants in error protested against the proceedings as had, and insisted, if judgment was taken at that term of the court, then that an appeal be perfected to determine the controversy as between the defendants and the plaintiffs in error, which request was ignored.

On or about the 25th day of March, 1921, Claude W. Gilliam and J. D. Smith and Phœbe Smith filed suit in the district court of Medina county against defendants in error for debt and foreclosure of the said vendor's lien notes executed and deposited in escrow in the First National Bank of Hondo. Defendants in error filed formal answer thereto. While said suit was so pending, J. D. Smith demanded that defendants in error pay interest maturing July 1st.

On or about the 9th of July, 1921, defendants in error filed suit in said court against plaintiffs in error to set aside, cancel, and annul the contract of sale, the deeds executed by the Smiths and notes executed by the defendants in error, and for the recovery of the $5,000 paid and for damages for the loss of cattle by reason of misrepresentations and fraud in respect to sufficient water and as to the land's value involved in the trade, and generally because of the breach of the contract by the plaintiffs in error.

To this the plaintiffs in error filed answer, substantially traversing the allegations of fraud and misrepresentation, and again praying for a judgment for the debt and for foreclosure by way of cross-action similar to their original petition. Before this case was called for trial defendants in error filed an amended original petition, specifically pleading misrepresentation as to the value of the land and as to the absence of water upon it, and specifically pleading the facts in respect to the judgment taken in cause No. 1903, styled J. D. Smith v. Unknown Heirs of Francis Tauche, Deceased, et al., claiming it was void or insufficient, and again praying for cancellation of the contract, notes, deeds, and for the recovery of damages and of the $5,000 previously paid, alleging they had been induced to take possession of the land by reason of the false representations, and had used it for a definite period of time, offering to pay whatever value the court should determine was a reasonable value for its use.

Plaintiffs in error filed their first amended original answer, containing exceptions and defensive matter, then by way of cross-action sought to obtain judgment for debt for $85,500, together with interest and attorney's fees, praying for a foreclosure of the vendor's lien and order of sale. The defendants filed their first supplemental petition in answer to the cross-action of plaintiffs in error, pleading specifically the breach of contract and failure to furnish a marketable title, and other responsive matters to join issue with the cross-action. After the trial had progressed some time, plaintiffs in error dismissed their cross-action saying:

"They have always been willing and are now willing to furnish a marketable title to said land and cure the defects in the title by suit or otherwise; according to the terms of this contract, dated June 22, 1920."

Then plaintiffs in error filed their first supplemental petition, alleging that defendants in error had in the escrow agreement agreed to accept a judgment removing cloud from title during the fall term of the court for 1920, and did execute various vendor lien notes, providing they should bear interest from July 1, 1920, and there is no provision for any delay in the interest installment for a period of time beyond the 1st day of November, 1922, and never agreed that said papers should remain in escrow for a period of two years or more.

On October 21st, during the trial of the cause, the First National Bank of Hondo was permitted to intervene, and was allowed to deliver the escrow papers into the registry of the court.

The cause was submitted by the court to the jury upon six issues; no issue being submitted on the question of waiver of defects of title or of estoppel, and no question requested on the issue of the title or of waiver. Although this case was tried with a jury, neither side treated it as such. After all the evidence was in, the defendants in error filed a motion, requesting issues to be withdrawn from the jury, and that the court render a judgment. The court held the motion up, and proceeded with the trial, and after all the evidence was in and the jury had answered the special issues, which the court received, and discharged the jury, then made findings of fact and conclusions of law, not separately filed, but which were set out in the judgment itself, to which no objection is made on that ground. The court gave judgment for defendants in error, as shown in the judgment copied herein. The case was treated by the parties as though tried by the court without a jury, and plaintiff in error gave notice of appeal therefrom, but filed no motion for a new trial, or otherwise sought to treat the case as tried with a jury.

We pass by, as unimportant for any ruling upon, the question raised by defendants in error that Claude W. Gilliam and Jno. G. Heyen, who prepared this case for an appeal and filed no transcript, but seemed to have joined in the brief and assignments herein. It is not necessary, because of the view we take of the case and the disposition we make thereof.

We also pass by all the objections defendants in error make to the assignments, propositions, and the briefing of the case, but

will discuss and dispose of all the questions of law presented and urged that are necessary for the disposition of the case.

The court submitted the case to the jury upon the following issues, which are set forth here with their answers:

"Question No. 1. Do you find from a preponderance of the evidence in this case that, on or about the 9th day of May, 1920, while the plaintiff John W. Gaines was negotiating with the defendant J. G. Heyen for the purchase of the property known as the J. D. Smith ranch, described in the pleadings in this case, showed the said John W. Gaines the Seco creek, in said ranch, which' was at that time a running stream, and stated and represented to him, the said Gaines, that the Seco river, or creek, had living water in it at all times—that is that water stood in pools or holes—when the same was not in fact running and that said stream at all times furnished sufficient water for such cattle as could be grazed in said pasture and that the same had never been known to go dry but one time? Answer: No.

"Question No. 2. Do you find from a preponderance of the evidence that, on or about the 1st day of May, 1920, while the plaintiff John W. Gaines was negotiating with J. G. Heyen for the purchase of the said Smith ranch the said Heyen represented to the said Gaines that there was a water hole on Squirrel creek sufficient to supply water for cattle grazing in the western part of said pasture? Answer: No.

"Question No. 3. Should you answer questions Nos. 1 and 2 in the negative then you need not answer this question, but should you answer said question, or either of them, in the affirmative, then in answer to this question you will state do you find from the evidence that the said John W. Gaines believed the statements so made, if they were made, by the said Heyen, to be true, and that the said Gaines was thereby induced to enter into the contract to purchase the said Smith ranch as set out in the pleadings in this case? No answer.

"Question No. 4. Do you find from a preponderance of the evidence in this case that the plaintiffs lost any cattle during the time that they held possession of said ranch by reason of the shortage of water therein? Answer: No.

"Question No. 5. Should you answer question No. 4 in the negative, then you need not answer this question; but should you answer the same in the affirmative, then in answer to this question you will state the number and kind of cattle so lost by the plaintiff, if any, and give the reasonable market value thereof. No answer.

"Question No. 6. In answer to this question, state what you find to be, from the evidence, the reasonable rental value per acre per year of the lands described in the pleadings in this case. Answer: 30 cents per acre."

As the judgment of the court so well covers all the issues and is so fully supported by the evidence, it is herewith copied as the material facts found in the case:

"After hearing the argument of counsel and the law of the case and after due consideration, the court is of the opinion that the undisputed testimony shows that by a contract duly made and entered into by and between the plaintiffs and the defendants, J. D. Smith and Phœbe Smith and Claude W. Gilliam, on May 10, A. D. 1920, the said defendants contracted with and bound themselves to convey the land described to plaintiffs with a good and merchantable title, said trade and contract to be finally determined on July 1, 1920; that by a supplemental contract duly made and entered by and between the plaintiffs and the defendants, J. D. Smith and Phœbe Smith, with the full knowledge and consent and ratification of the defendants Claude W. Gilliam and J. G. Heyen, under the terms of which the said defendants admitted that their title was not a good, marketable title, and contracted and bound themselves to make said title good and merchantable by suit or otherwise; that in accordance with said contract defendants instituted suit against the unknown heirs of Francois Tauche, deceased, and others, in the district court of Medina county, Tex., and did not make the known heirs or numerous other necessary parties defendants, and that the names and residences of some of the defendants were then known to the attorneys for the said J. D. Smith, and that no other service was had, or attempted to be had, except by citation by publication; that the undisputed evidence shows that such service was not had on any of the defendants, named or unnamed, because of the lack of the affidavit required by law as a prerequisite for citation by publication; that the judgment rendered thereon was void, and in any event was not a' final binding judgment against the parties defendant in said suit; and that these facts were and are admitted by the defendants in this cause in their motion filed in this cause on the 22d day of October, A. D. 1921, and in this decree fully set out. The undisputed testimony further shows that on the 25th day of March, A. D. 1921, the defendants, Claude W. Gilliam, J. D. Smith, and Phœbe Smith, instituted a suit against Jno. W. Gaines and R. C. Gaines, plaintiffs herein, as defendants, in cause No. 1924 in the district court of Medina county, Tex., declaring all the said purchase money due, and seeking to establish a debt for the amount of the principal and interest and attorney's fees as provided in said notes, and to foreclose a vendor's lien on the lands described, and that said cause was pending on the docket of the district court of Medina county, Tex., until the 22d day of October, A. D. 1921, and until after the introduction of all the testimony in this cause; that all of said facts show conclusively that the said defendants had elected to stand by their title as evidenced of record until after the trial of this cause, and until after the submission of all of the evidence in this cause, notwithstanding the fact that the same was admitted by the defendants to be defective and nonmarketable.

"In view of all of the foregoing facts, the court is of the opinion that the defendants, and each of them, have wholly failed to comply with the terms of their said contract to furnish a good and merchantable title to the plaintiffs herein.

"And it further appearing to the court that the defendants J. D. Smith and Phœbe Smith had made, executed, and delivered, in escrow to the First National Bank of Hondo, Tex., a gen-

eral warranty deed, by the terms of which, when delivered the title to the lands described would pass to the plaintiffs, and on the same day and at the same time and as part of the same transaction the plaintiffs, Jno. W.. Gaines and R. C. Gaines, made and executed and delivered, in escrow, to said First National Bank of Hondo, seven promissory notes, representing the deferred payments on said land, to be held by it until the title to said lands was made merchantable, and likewise paid over to the defendants J. D. Smith and Phœbe Smith the sum of $5,000, as part of the purchase money for this land; and that said deed and notes are still in possession of said First National Bank of Hondo; and that the cash payment of $5,000 was received by the defendants J. D. Smith and Phœbe Smith. * * *

"It is therefore ordered, adjudged, and decreed by the court that the said First National Bank of Hondo deliver to the defendants J. D. Smith and Phœbe Smith the deed hereinabove referred to and dated June 22, A. D. 1920, to be by them canceled and annulled, and said deed is here and now declared to be null and void, and of no force and effect, and that the said First National Bank of Hondo is likewise ordered and directed to deliver to the plaintiffs, Jno. W. Gaines and R. C. Gaines, the notes executed by them and deposited with it in escrow, so that the same may be canceled and annulled; and it is further ordered, adjudged, and decreed that the plaintiffs have judgment against the defendants, J. D. Smith, Phœbe Smith, Claude W. Gilliam, and J. G. Heyen that the said notes be and are here and now declared to be null and void, and canceled, and of no force and effect.

"And it is further ordered and adjudged by the court that the contract for sale and purchase of said land, dated the 10th day of May, A. D. 1920, and executed by Claude W. Gilliam, Jno. W. Gaines, and R. C. Gaines, and approved and ratified by J. D. Smith and Phœbe Smith, and the supplemental contract dated the 22d day of June, A. D. 1921, and executed by J. D. Smith, Phœbe Smith, Jno. W. Gaines, and R. C. Gaines, are each and both canceled and annulled, and are hereby declared to be of no force and effect.

"It further appearing to the court that under the terms of the contract and agreements hereinabove referred to and declared to be null and void, the plaintiffs, Jno. W. Gaines and R. C. Gaines, placed certain cattle on the pasture, which said cattle remained on said pasture from the 9th day of July, A. D. 1920, to the 25th day of July, A. D. 1921, when same were removed therefrom; that the said plaintiffs have tendered as a matter of equity a just and reasonable rental for the use of the said lands described, and have prayed the court to find what is a just and reasonable rental value therefor. In accordance with the findings of the jury hereinabove set out, the court finds that 30 cents per acre per annum is a reasonable rental value for said lands. The court further finds that the pasture contains 5,706 acres of land.

"It is further ordered, adjudged, and decreed by the court that defendants J. D. Smith and Phœbe Smith have and recover of and from the plaintiffs the sum of $1,798.95 as full compensation for the use of said pasture; that said sum be retained by the said defendants J. D. Smith and Phœbe Smith out of the money heretofore received by them under the contract of purchase hereinabove referred to and hereinabove canceled and annulled.

"It is further ordered, adjudged, and decreed by the court that the plaintiffs, Jno. W. Gaines and R. C. Gaines, do have and recover of and from the defendants, J. D. Smith and Phœbe Smith, the sum of $3,201.05. being the balance, rest, and residue of the $5,000 heretofore paid to them by the plaintiffs on account of the purchase price for said lands under the contracts hereinabove declared to be void, together with interest on $5,000 at the rate of 6 per cent. per annum from and after June 22, A. D. 1920, until July 25, A. D. 1921, and on $3,201.05 at the same rate from the last-named date until paid, for all of which they may have their execution. And it is further ordered, adjudged, and decreed by the court that, in accordance with the findings of the jury, the plaintiffs take nothing by way of his claim for damages for loss of cattle placed in said pasture.

"And it is further ordered, adjudged, and decreed by the court that the plaintiffs, Jno. W. Gaines and R. C. Gaines, take nothing against the defendants Claude W. Gilliam and J. G. Heyen, except the cancellation and annullment of said notes as hereinabove decreed, and their costs, as hereinafter decreed.

"It further appearing to the court as shown by the facts herein found, the court is of the opinion that questions Nos. 1 and 2, submitted to the jury, and their answers thereto, are without controlling effect and of no importance in this cause, in so far as the judgment herein rendered is concerned, and that they in no way preclude the judgment herein and hereby rendered in favor of the plaintiffs on other issues and on the undisputed evidence in this cause.

"It is further ordered by the court that the plaintiffs, Jno. W. Gaines and R. C. Gaines, do have and recover of and from the defendants, and each of them, all costs in this behalf expended, and that the officers of the court do have and recover of and from the parties hereto their costs, for all of which let execution issue."

[1] The first assignment is without merit. This suit was not a collateral attack on the judgment; it was a complaint that the judgment on its face and supporting proceedings were not sufficient to comply with defendants in error's insistence to establish a marketable title. A purchaser has the right to insist that a title must meet his demands. The contention does not seem in this case to be in any way an unreasonable demand upon plaintiffs in error by the defendants in error. They were within their rights in making their claim for a marketable title. There was a very large sum of money involved. In the case of Blomstrom v. Wells, 239 S. W. 227, we discussed issues there presented in some respects very similar to those we have in the instant case, which give our views on the kindred subject. The defendants in error were entitled to have the kind of a title contracted for, and it is admitted it was not offered, and if the judgment in that suit,

filed for that purpose—that is to cut out all possible claimants, present or future—did not include therein all possible parties having an interest in the lands, obviously, such interests were not precluded thereby; hence would it be a collateral attack, when manifestly a party was left out who had an interest, to call attention thereto? Certainly not.

[2] The contention that the finding of the jury against defendants in error's charge of fraud in respect to the fact that the land was not watered and as to value is only a finding against those issues alone, and could not affect the other questions in the least.

[3] There is no merit in the contention that defendants in error ever waived or estopped themselves from demanding a marketable title; the facts and the findings of the court are to the contrary. No prudent man would likely be careless about securing a marketable title to land he was paying some $85,500 for. Defendants in error were demanding a suit to be filed comprehensive enough and broad enough to include every person, known or unknown, who might have been interested or become interested. If the suit of which defendant in error complained as not being sufficient had passed to judgment, and could not then be reopened, another might have been speedily instituted, and the proper service made by publication or otherwise, especially, as found by the court, the plaintiffs in error's contention was practically conceded to be true.

[4] The objections of defendants in error seem real and not captious. The trial court found them well founded, and we find no good reason to hold to the contrary.

We do not think the assignments of error, all of which we have severally examined, present any error committed in rulings of the trial court. The findings made are supported by the evidence, and the judgment is affirmed.