FERGUSON v. MOUNTS et al.   (No. 2351.)*

(Court of Civil Appeals of Texas.   Amarillo. Feb. 10, 1926.   Rehearing Denied March 17, 1926.)

1. Vendor and purchaser ⬁143—Letter by purchaser, while under mistaken impression that clear title could be conveyed under contract, on removal of disability, so indicating preference for manner of removing disability, held not waiver of rights binding vendor to furnish abstract of good title.

Where parties to contract for conveyance of land, in which time was of the essence, were under misapprehension that it could be conveyed on removal of disability of one of minor owners, letter by purchaser, when informed that disability could not be removed when anticipated, inquiring as to which course was to be taken to remove disability and expressing preference, held not a waiver of rights binding owners to furnish abstract showing good title.

2. Vendor and purchaser ⬁143—Institution of suit to perfect title, though acquiesced in by purchaser, held not to estop latter from insisting on abstract of good title called for by contract, where suit did not result in perfecting title.

Where parties to contract for sale of land, in which time was of the essence, were under misapprehension as to method by which disability of one of minor owners could be removed, institution of suit to remove disability, though acquiesced in by purchaser, held not to estop purchaser from insisting on abstract of good title, where such suit did not result in perfecting title.

3. Vendor and purchaser ⬁341(2)—In purchaser's action for deposit, plea of "waiver" by purchaser with right to abstract showing good title held insufficient as against general demurrer, where parties were laboring under mutual mistake as to their rights under contract; no consideration for waiver being pleaded.

In purchaser's action for deposit, where contract required vendor to furnish abstract of good title, vendor's pleading of consent of purchaser to accept deed notwithstanding defects held insufficient, as against general demurrer, to show "waiver," which is intentional relinquishment of known right based upon consideration where no consideration was pleaded and parties were laboring under mutual mistake as to rights under contract.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Waiver.]

4. Contracts ⬁93(5).

Contracts made in mutual error under circumstances material to their character and consequences are invalid.

5. Equity ⬁8—When equity will grant relief as for mistake of fact stated.

Equity will grant relief for mistake, as analogous to mistake of fact, where person is ignorant or mistaken with respect to his own antecedent and existing private legal rights, interests, estates, duties, liabilities, and who enters into some transaction, legal scope and operation of which he correctly apprehends, for purpose of affecting such assumed rights or carrying out such assumed duties.

6. Vendor and purchaser ⬁31—Purchaser held entitled to rescind contract where parties mistaken as to title (Complete Tex. St. 1920, art. 3480; Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1918, art. 3496; Vernon's Sayles' Ann. Civ. St. 1914, arts. 3430–3457, 3479–3507).

Where parties to contract to purchase land belonging to estate of decedent assumed that it could be conveyed subject to indebtedness, and it could not be so conveyed in view of Complete Tex. St. 1920, art. 3480, and Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1918, art. 3496, and Vernon's Sayles' Ann. Civ. St. 1914, arts. 3430–3457, 3479–3507, purchaser held entitled to rescind.

7. Executors and administrators ⬁3(4).

Existence of debts need not be shown to justify administration, where valid will is made appointing executors.

8. Executors and administrators ⬁3(1).

Necessity for administration must be presumed in every case, unless facts be shown making exception to general rule.

9. Executors and administrators ⬁3(3).

Where estate is indebted, there must be administration to enable creditors to sue and subject decedent's property to their debts.

10. Executors and administrators ⬁137.

Where necessity for administration exists and proceedings are pending, executrix appointed by decedent's will cannot sell land except through

---

⬁For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction May 12, 1926.

orders of probate court, in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 3374, 3376.

### 11. Contracts ☞134, 138(1).

Contract, otherwise legal, is not enforceable, and cannot be ratified when its performance will involve violation of terms of statute or positive rule of law.

### 12. Executors and administrators ☞323.

That claim against estate is secured does not obviate necessity of sale of property for payment of indebtedness, under statutes relating to administration of estates.

### 13. Vendor and purchaser ☞112(1)—Where vendors could not convey good title required, except by payment of indebtedness which purchaser had agreed to assume, latter held entitled to rescind.

Where contract for purchase of land belonging to decedent's estate provided for furnishing abstract of good title, part payment to be assumption of indebtedness on land, requirement of statutes relating to administration of estates that land be sold to pay off indebtedness *held* defect in title which sellers could not cure except by paying off indebtedness, so that purchaser was entitled to rescind.

### 14. Contracts ☞270(1).

Right of rescission must be promptly insisted upon, or it may be waived by laches and delay.

### 15. Vendor and purchaser ☞119—Rescission by purchaser of executory contract for sale of land, within four months after execution, held not premature, where vendor could not furnish good title.

Where executory contract for sale of land, of which time was of the essence, provided for furnishing good abstract of title and allowed reasonable time for curing defects, rescission by purchaser, on discovery that good title could not be procured, within four months of execution, *held* not premature.

Appeal from District Court, Deaf Smith County; Reese Tatum, Judge.

Action by John E. Ferguson against Nannie L. Mounts and others, in which defendant Mounts filed a cross-action against defendant First State Bank & Trust Company of Hereford. Judgment for defendants on original cause, and on defendant Mounts' cross-action, and plaintiff appeals. Reversed and rendered.

H. G. Hendricks and F. E. Young, both of Amarillo, for appellant.

Carl Gilliland, of Hereford, for appellees.

HALL, C. J. On the 16th day of March, 1923, Mrs. Nannie L. Mounts and John E. Ferguson entered into an executory contract for the sale of 8 sections and 19 additional acres of land lying in Deaf Smith county. The stipulations of the contract necessary to be considered in determining the issues presented by this appeal may be briefly set out. as follows:

(1) The consideration which Ferguson was to pay was $20 per acre and the assumption of the unpaid indebtedness to the state of Texas, together with the payment of all taxes assessed against the land for the year 1923. The consideration was to be paid as follows: $15,000 in cash upon the consummation of the contract; the assumption and payment by Ferguson of—

"all of the present mortgage indebtedness against said land or any part thereof except one-seventh of a mortgage indebtedness due the Joint Stock Land Bank of Dallas, which was originally for $35,000, and the balance to be evidenced by second party's ten promissory notes, for equal amounts, to mature on or before 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 years from date, respectively, with interest at 7 per cent. per annum, payable annually, and to be in the usual form of vendor's lien notes."

The other material terms are as follows:

"It is understood by and between the parties that one link in the chain of title to said land, or at least a portion thereof, will be required to be evidenced by proof of heirship of R. N. Mounts' heirs, and, as to said link, first party will not be required to show a good title of record.

"It is also understood by and between the parties that all of the children of the said R. N. Mounts are now living and are more than 21 years of age, except Mattie Mounts, and that in order to pass second party a good title it will be necessary that first party take the proper action in a court of proper jurisdiction to do so, which she agrees to do.

"First party agrees to furnish second party abstracts of title to said lands showing a good title of record thereto, to be held in first party or in the first party and the other parties executing the deed to second party, except as above stated, as heirship, within 20 days from this date, and second party shall have 20 days after said abstract is furnished him within which to examine same and report to first party any and all defects found therein in writing, and second party shall have a reasonable time thereafter within which to cure said defects, if any be found."

The contract recites that Ferguson has deposited in the First State Bank & Trust Company of Hereford the sum of $5,000 to be forfeited as agreed liquidated damages in case of default on his part; but in case the title to the land should be found defective and cannot be cured within a reasonable time, the $5,000 is to be returned to Ferguson. If the contract is consummated said sum is to be applied as part of the cash payment. It further provides that if Mrs. Mounts secures a loan of $4,500 for the purpose of paying off a prior loan on one of the sections, that Ferguson is to assume said second loan instead of the first. By express provision, time is made of the essence of the contract.

On November 20, 1923, Ferguson filed suit in the district court against the First State Bank & Trust Company, as depository, and

against Mrs. Mounts and her children, praying for judgment for the amount deposited in the bank. In his petition he sets out in detail the defects in the title which were disclosed by the abstract of title, and alleges that by reason of such defects it is impossible for the title to be perfected, and that Mrs. Mounts' efforts to perfect it are unsuccessful. The defects pointed out by the pleading will be hereinafter referred to in the discussion of the propositions urged.

The defendants pleaded that at the time the contract was made their attorney was under the impression that Mrs. Mounts was an independent executrix under the will of her deceased husband; that on or about April 5, 1923, said attorney notified Mrs. Mounts and the plaintiff that he had made such mistake, and that it would be impossible to perform the contract, because the land could not be conveyed independent of the probate court; that said attorney asked the plaintiff if he would accept the deed after Mattie Mounts' disabilities were removed, and that plaintiff stated he saw no reason why he should not do so, but would advise with his attorney; that said attorney advised plaintiff that he would be willing to accept such deed after the removal of the disabilities of the minor, Mattie Mounts; that on April 7, 1923, plaintiff, Ferguson, wrote defendants' attorney as follows:

"In reference to the Mounts deal, will say that I have not heard just what course you are going to pursue in the courts, but I would much prefer the shorter course, allowing Mattie's disabilities removed and all children to sign the deed together with their mother."

The defendants denied that the objections pointed out by plaintiff's attorney were defects, except possibly the probate jurisdiction, which had been waived by plaintiff, the release of a mortgage by Mrs. Montgomery, a foreign guardian, and the release of another mortgage by Mrs. Lonf without her husband's joinder. They alleged that they were willing to cure such defects, and could have cured them within a reasonable time if plaintiff had not notified them he would not accept the land unless all matters complained of by his attorney in his opinion were met and complied with, and especially that another proceeding must be instituted in court to remove the disabilities of the defendant, Mattie Mounts, thereby requiring the defendant Nannie L. Mounts to do those things that were not necessary to be done in order to show good title. They further pleaded that in the event there was a defect in the court proceedings to remove the disabilities of the said Mattie Mounts, that said minor resided in Deaf Smith county, and the first term of the district court of said county thereafter convened in the latter part of October, 1923, which would have been the earliest date possible to have said disabilities removed; that

although the contract provided for a reasonable time in which to cure the defects after they were pointed out, the plaintiff again breached his contract without giving defendants an opportunity to correct the defects in the judgment removing the disabilities of said minor; and on July 10, 1923, notified Mrs. Mounts in writing that he would no longer be bound by the contract, and demanded the return of the $5,000. They further allege that they and each of them have at all times since the execution of the contract been ready and willing to convey the lands to plaintiff at the price and on the terms stipulated, and since the plaintiff notified the said attorney that he was willing to accept the conveyance direct from the defendants after the removal of said disabilities.

The case was submitted to a jury upon special issues, upon which a judgment was rendered that the plaintiff take nothing, and that Mrs. Mounts, on her cross-action against the bank, recover the $5,000.

The third special issue submitted by the court was not answered, because the jury were unable to agree. The answers to the other issues were returned as follows:

(1) Ferguson knew prior to April 7, 1923, that the will of R. N. Mounts, deceased, had been probated and the estate administered through the probate court of Deaf Smith county.

(2) Ferguson knew prior to April 7, 1923, that there was an indebtedness against the estate of R. N. Mounts.

(4) After the contract dated March 16th was executed, the plaintiff, with knowledge that there was an indebtedness against the estate, agreed to accept from Nannie L. Mounts and her children, after the removal of the disabilities of Mattie Mounts, a deed conveying the land described in the contract to him, with knowledge that Nannie L. Mounts intended to use a part of the $15,000 cash payment provided for in the contract in paying off said indebtedness against R. N. Mounts' estate.

(5) Ferguson called the deal off prior to July 10, 1923.

(5½) Ferguson called the deal off when the second opinion on the abstract was delivered to Mrs. Mounts' attorney.

(6) That defendants did not have a reasonable time to correct the defects pointed out by Ferguson's attorney after such defects had been pointed out, and prior to the time Ferguson called the deal off. The defendants could have corrected the defects pointed out by plaintiff's attorney within a reasonable time after said defects were pointed out.

The appellee has not favored us with a brief.

The appellant first contends that his general demurrer should have been sustained, and that under the evidence he was entitled to a peremptory instruction. It appears that the

contract of sale was drawn by Mrs. Mounts' attorney, who at the time was laboring under the mistaken impression that, under the will of her deceased husband, Mrs. Mounts was an independent executrix and could administer the affairs of the estate independent of the probate court. In addition to an indebtedness of about $35,000 due a Dallas loan company, the estate was considerably indebted to other general creditors, whose debts were not secured. All of the children, except Mattie, were adults.

The defendants alleged that on or about April 5, 1922, the attorney who drew the contract and advised both parties with reference to it advised Mrs. Mounts that he had made a mistake in drawing the contract, thinking she was independent executrix, and, by reason of said mistake, he had obligated her to sell and convey the property in a way and upon terms and conditions which she could not perform through the probate court, and that when the will was probated she had been appointed executrix instead of independent executrix; that she could not convey the land without the action of the probate court; that he asked plaintiff at that time if plaintiff would accept the deed from Mrs. Mounts and her children after the disabilities of the minor, Mattie, were removed by the district court of Deaf Smith county; that plaintiff stated that he saw no reason why he should not do so, but would not agree to do so without first consulting his attorney. Defendants charge that he had consulted his attorney, who was at that time John P. Slaton, of Hereford, and that his said attorney advised him that he would be willing for him to accept the deed from Mrs. Mounts and her children after the removal of the minor's disabilities. It appears that an effort was made through the district court to remove the disabilities of the minor, which were defective to such an extent that a proper judgment could not be entered until the October term of the court.

The attorney, Slaton, testified that he only casually examined the abstract; that he was sick and preparing to leave for Mineral Wells, and advised Ferguson to have the abstract carefully examined by another attorney. Before the abstract was examined the letter of April 7th quoted above was written to the attorney of Mrs. Mounts.

[1, 2] The appellant contends, under the first two propositions, that, because the estate was being administered through the probate court under an administration with will annexed rather than by an independent executrix, as was at first supposed, by reason of the statutory provisions governing the administration of estates under such circumstances, and statutes relating to guardianship, the contract is impossible of performance; that under the statutory requirement that a sale could not be made unless it was shown to be necessary, and the further requirement that unless the one-fifth of the cash should be paid with a lien upon the property to secure the balance, a contract of sale by the executrix whether entered into officially or as an individual, his interest in the property without the order of the probate court is wholly impossible of performance; and where liens securing sums aggregating $35,000 to $45,000, due, by the terms of the mortgage, in 1952, might be foreclosed by the creditors at any time upon the death of the debtor; that the contract was impossible of performance, and that there was no waiver of such defects. The letter of April 7, 1923, written by Ferguson to defendants' attorney, is simply an inquiry as to what method the defendants would pursue in their effort to perfect the title. It appears from the record that all parties were under the mistaken impression at the time that letter was written that the title of the minor might be transferred through either a receivership or a proceeding to remove her disabilities; and, laboring under the mistaken impression that either proceeding would be effective, Ferguson, in the letter, expresses a preference for the latter course because it could more readily be accomplished. Other defects had not been discovered, because the abstract had not been examined. This letter cannot be construed to be a waiver of his rights under the contract which bound her to "furnish an abstract of title to said lands showing a good title of record thereto to be either in first party or in the first party and the other parties executing the deed," nor did the subsequent institution of the suit to remove the disabilities of the minor work an estoppel, because the suit did not result in perfecting the title. Smith v. Gaines (Tex. Civ. App.) 243 S. W. 665. The proceedings and judgment were so defective that the minor's disabilities were not removed at that term of the court, and no further effort could be made to remove her disabilities until the succeeding term of the district court, which met about the last of October. As bearing upon the right of Ferguson to rescind the contract, it must be borne in mind that by express stipulation time was made of the essence of the contract; and the record shows that Ferguson was purchasing the property for the purpose of resale.

[3, 4] The defendants further contend that, after Ferguson had been informed of the mistaken impression under which the attorney drew the contract, he consented to accept the deed executed by Mrs. Mounts, her adult children, and the minor, after her disabilities were removed, and by this agreement he waived the defects in this particular. The allegations of the answer are insufficient as against a general demurrer to show a waiver. A waiver is the intentional relinquishment of a known right based upon a consideration. M. K. & T. Ry. Co. v. Hendricks, 108

S. W. 745, 49 Tex. Civ. App. 314; 103 Tex. 667; Adams v. Paton & Co. (Tex. Civ. App.) 173 S. W. 546. Defendants do not attempt to plead or show any consideration for the claimed waiver. Crutcher v. Aiken (Tex. Civ. App.) 252 S. W. 844, 40 Cyc. 263. Moreover, it appears that at the time the agreement was made by Ferguson, which they insist is a waiver, that all of the parties were still laboring under the same mutual mistake a fact and of law as to their private rights, liabilities, and duties under it, which moved them to enter into the ·contract originally. If Mrs. Mounts was not in fact independent executrix, if the administration of the estate through the probate court gave the Dallas Loan Company the right to proceed to collect its debt forthwith through the court, if the title of the minor and the other heirs of Mounts, deceased, could not be transferred except through the orders of the probate court, and if it was questionable whether such a showing could be made as would warrant the probate court in making such an order, then there was such a mistake of law and fact as would entitle Ferguson to rescind the contract. "Contracts made in mutual error under circumstances material to their character and consequences seem, upon general principles, invalid." Harrell v. De Normandie, 26 Tex. 120; Altgelt v. Gerbic (Tex. Civ. App.) 149 S. W. 233.

[5] Even where a mistake is not mutual, it is said, in 2 Pom. Eq. Jur. (4th Ed.) § 849:

"Whenever a person is ignorant or mistaken with respect to his own antecedent and existing private legal rights, interests, estates, duties, liabilities or other relation, either of property or contract, or personal status and enters into some transaction the legal scope and operation of which he correctly apprehends and understands,. for the purpose of affecting such assumed rights, interests or relations, or of carrying out such assumed duties or liabilities, equity will grant its relief, defensive or affirmative, treating the mistake as analogous to, if not identical with, a mistake of fact."

The rule quoted applies, not only to Ferguson, but to Mrs. Mounts as well. Smith v. Jones (Tex. Civ. App.) 192 S. W. 795, 798; Hammond v. Barnard (Tex. Civ. App.) 258 S. W. 916; Moreland v. Atchison, 19 Tex. 303.

It is said in 13 C. J. 379, § 268:

"To the general rule that mistake of law is no ground for relief, there are certain exceptions or apparent exceptions. Mistake as to particular private rights is treated as mistake of fact, or as a mixed mistake of law and fact. Private rights of property, although they are the result of rules of law, or depend on rules of law, applied to the construction of legal instruments are usually considered matters of fact. It is said that courts in cases of peculiar hardship, have distinguished between ignorance of the existence of a law and ignorance of its legal effect. * * * And where the mistake of law is mutual, equity will sometimes relieve on the ground of surprise."

See Ramey v. Allison, 64 Tex. 697; Bourland v. Huffhines (Tex. Civ. App.) 244 S. W. 847; Maupin on M. T. (3d Ed.) § 80. See, also, 1 Black on Rescission and Cancellation, §§ 132, 135, 143, 148, 150, and 152; Pom. Spec. Perf. (3d Ed.) § 237.

[6] After Ferguson had submitted the abstract to his attorney and had it examined, and was fully advised of the facts affecting the title and his legal rights thereunder, he had the right to insist upon a rescission of the contract, and to end their negotiations at once if it appeared that such title as he originally contracted for could not be conveyed to him. As part of the consideration for the land, the contract bound him to assume the indebtedness due the Dallas Loan Company. There is a stipulation in the statement of facts to the effect that the abstract furnished after the contract was entered into showed a deed of trust securing a $35,000 note, executed by R. N. Mounts, deceased, and Nannie L. Mounts, referred to in the contract, which deed of trust recited that it was given to secure the payment of said note on the amortization plan. The contract bound Ferguson to assume six-sevenths of this note.

Article 3480, Complete Texas Statutes 1920, provides that no sale of any property belonging to an estate shall be made by an executor or administrator without an order of the court authorizing the same. In the face of this statute Mrs. Mounts could not enter into a legal contract such as the one under consideration. Article 3496, Id., or Vernon's Ann. Civ. St. Supp. 1918, provides that when it shall appear to be to the interest of the estate the county judge may order a sale of real estate to be made at public or private sale for cash or for part cash and part credit, and if sold for part cash and part credit, then upon terms to be determined by the judge of said court. Said article further provides that one-fifth of the purchase price must be paid in cash and a lien retained upon the premises to secure the deferred payments. Ferguson insists that under these statutes and the decisions construing them it was impossible for Mrs. Mounts to convey him the title at any time as contemplated by the contract. We think this proposition is sound.

[7-10] When a valid will is made providing for the appointment of an executrix, it is not necessary to show the existence of debts to justify an administration. Wallace v. Dubose (Tex. Civ. App.) 242 S. W. 351. The necessity for administration must be presumed in every case, unless facts be shown that make it an exception to the general rule; and, where the estate is indebted, there must be an administration, to enable creditors to sue and subject the property of the decedent to the payment of their debts. Denton v. Meador (Tex. Civ. App.) 268 S. W. 762. At

the time the contract was entered into the necessity for administration existed, and proceedings were pending to administer the affairs of the estate through the court. The will of R. N. Mounts gave the executrix no authority to sell the land, and without such authority she could only sell through the orders of the probate court. Matula v. Freytag, 107 S. W. 536, 101 Tex. 357; Vernon's Sayles' C. S. art. 3374, Id. 3376, provides that the administration of an estate under a will shall in all respects be governed by the provisions of the law respecting the administration of intestate's estates, except where it is otherwise provided by law, or by the provisions and directions of the will. Upon the qualification of Mrs. Mount as executrix it became the duty of the Dallas Loan Company, with all other creditors, to present their claims under the provisions of V. S. C. S. tit. 52, c. 19. By the express provisions of that title, and chapter 22, requiring all sales to be made under orders of the court, she could not enter into a valid contract such as the one under consideration. The contract having been made without authority of law, it occurs to us that no rights could be acquired by the defendants upon the ground of waiver unless the acts relied upon as a waiver amounted to an estoppel. Estoppel is neither pleaded nor shown by the evidence in this case. The fundamental rule is that no one can be bound by a waiver of his rights unless such waiver is distinctly made with full knowledge of the rights which he intends to waive, and a knowledge of all the facts and circumstances affecting such rights. Payne v. Beaumont (Tex. Civ. App.) 245 S. W. 94, 99; 2 Black on Rescission and Cancellation, § 591; 27 R. C. L. 908; 40 Cyc. 258–265. Because of the fact that the estate was being administered by the probate court, and any sales of the property must, in virtue of the statutes controlling such matters, be made through the orders of the court, we think the contract was shown to be impossible of performance; and because the contract was entered into under a mutual mistake of law and fact as hereinbefore discussed on the part of Ferguson, and this mistake was induced by the defendants' counsel who wrote the contract, we think the court should have directed a verdict in favor of Ferguson.

[11] When the performance of a contract otherwise legal will involve the violation of the terms of a statute or positive rule of law, it is not enforceable and cannot be ratified, nor its terms be made binding by ratification, waiver, or otherwise. Rue v. Missouri Pacific Ry. Co., 8 S. W. 533, 74 Tex. 474, 15 Am. St. Rep. 852; Raywood Rice, C. & M. Co. v. Erp, 146 S. W. 155, 105 Tex. 161; Chimene v. Pennington, 79 S. W. 63, 34 Tex. Civ. App. 424.

[12, 13] If we are in any wise mistaken in the conclusions hereinbefore announced, we think that Ferguson had a right to re-scind the contract upon other grounds. As stated above, he purchased the land for the purpose of immediate resale in smaller tracts at a profit, believing that the Dallas Loan Company's debt would not be due until 1952, during which time he hoped to dispose of all, or most, of the property, at a profit. It is clear that he would not have entered into the contract if he had understood that the death of Mounts and the probation of his will would precipitate the sale of the property in course of administration for the purpose of paying all of the outstanding indebtedness. The law required the Dallas Loan Company and all other creditors to file their claims with the executrix for approval and allowance in the probate court within the year; and the statutes relating to the administration of estates contemplates that the probate court shall with all reasonable dispatch consistent with the best interests of the estate and the welfare of the heirs, distributees and creditors, sell the property and pay off the indebtedness; and the fact that the debt of the Dallas Loan Company was a secured claim did not exempt it from this requirement of the statute. Wilson v. Harris, 44 S. W. 65, 91 Tex. 427; Bradford v. Knowles, 25 S. W. 1117, 86 Tex. 505; Tiboldi v. Palms, 78 S. W. 726, 34 Tex. Civ. App. 318; Texas Loan Agency v. Dingee, 75 S. W. 866, 33 Tex. Civ. App. 118; 24 C. J. 292, § 898; Dunn v. Sublett, 14 Tex. 521; Gibson v. Oppenheimer (Tex. Civ. App.) 154 S. W. 695.

This is manifestly a defect in the title which the defendants could not cure except by paying off all of the indebtedness of the estate and withdrawing the estate from administration; and this proceeding would not have enabled them to convey the title in compliance with the provisions of the contract, but would be, in effect, the making of a new contract between the parties, which the courts have no authority to do.

Under appropriate propositions the appellant insists that the attempt to remove the disabilities of Mattie Mounts was abortive, in that the proceedings and judgment rendered did not affirmatively show that the court had jurisdiction of the minor. We think the contention should be sustained; but in view of our holding that a deed by all of the parties, including the minor, would not have conveyed such title as the contract of sale requires, this question becomes immaterial.

It further appears that an indebtedness of $4,500, secured by a mortgage upon one of the sections of land involved, was given to a party who had since moved to another state and died; that a foreign guardian had been appointed of the property and estate of the only heir entitled to the proceeds of this note, and that subsequently another guardian living in a different foreign state had been appointed and that no proceedings under the Texas statute providing for ancillary guard-

ianship had been instituted, nor had the proceedings in the foreign state been filed and recorded in Texas. The last purported guardian had executed a release of the lien securing this note, which, we think, was insufficient to remove the incumbrance. However, this question also becomes academic in view of our previous holding.

[14, 15] We do not think Ferguson acted prematurely in rescinding the contract and demanding the return of his earnest money on July 10th. The right of rescission must be promptly insisted upon, since, under some circumstances, it is waived by laches and delay.

For the reasons above stated, we think the court should have directed a verdict for Ferguson; and since the case has been fully developed and defendants cannot so amend their pleadings as to show themselves entitled to a judgment for the $5,000, the judgment is reversed and is here rendered in favor of the appellant, Ferguson, against the bank, and that the defendants take nothing.

Reversed and rendered.