WOMBLE v. SHIRLEY. (No. 1020.)

(Court of Civil Appeals of Texas. Amarillo. March 28, 1917.)

CONSTITUTIONAL LAW ⊜⇒149 — MORTGAGES ⊜⇒330—OBLIGATION OF CONTRACTS—REMEDY—LIMITATION.

Vernon's Sayles' Ann. Civ. St. 1914, art. 5693, provides that no power of sale conferred by deed of trust heretofore executed shall be enforced after expiration of four years from maturity of indebtedness, and any sale under such power shall be void. Article 5695 provides that the owners of all notes secured by deeds of trust executed prior to 1905 and which are more than four years past due shall have 12 months within which to obtain record and extension or enforce the lien securing them if the same are valid obligations when this act takes effect. In 1904 two notes were executed, the last being due in 1905, secured by a trust deed with a power of sale. At a sale by trustee in 1915 plaintiff became a purchaser. Later defendant caused an execution to be levied against the land as the property of another, and plaintiff sought an injunction against sale. The notes were more than four years past due at the time said articles became effective. Held that, as the effect of article 5695 when construed with article 5693 was to deprive the trustee of any remedy for collection of his debt, the articles are void because contrary to Const. U. S. art. 1, § 10, and section 16, art. 1, of the state Constitution, and the sale to plaintiff is valid.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 420, 480; Mortgages, Cent. Dig. § 1014.]

Appeal from District Court, Deaf Smith County; D. B. Hill, Judge.

Suit by T. E. Shirley to enjoin Troy Womble from selling certain land. Judgment for plaintiff, and defendant appeals. Affirmed.

Gilliland & Estes, of Hereford, for appellant. Knight & Slaton and Russell & Dameron, all of Hereford, for appellee.

HALL, J. Appellee Shirley filed this suit to enjoin appellant from selling block No. 19, Evants addition to the town of Hereford, under execution. Appellee alleges that he is the legal and equitable owner and entitled to the possession of said land. He specifically set out his title and the manner in which he acquired title in substance as follows: 'That on December 21, 1904, the block was owned and held by Add Ran College, a private corporation, and that said college acquired it by a regular chain of title from the sovereignty of the soil, having owned it since June 29, 1903; that on the 12th day of August, 1904, the said college executed a deed of trust to S. J. Dodson, as trustee, to secure the payment of two notes, one for $4,000, dated July 1, 1903, due two years after date, and one for $1,000 dated January 2, 1904, and due June 1, 1904; that both notes were executed by said college and payable to L. A. Wyatt; that subsequent to the execution of said notes the said Wyatt assigned the same to T. M. Scott, who thereafter assigned them to Mrs. T. M. Scott; that the deed of trust given to secure the notes was filed for record in Deaf Smith county, on August 26, 1904, and that on the 6th day of July, 1915, the said property was sold by the said Dodson, as trustee, under the power conferred by the deed of trust and in accordance with its provisions, for cash, at which sale appellee became the purchaser; that the said trustee executed and delivered to appellee his trustee's deed, properly conveying said property, which deed was duly filed for record in Deaf Smith county on September 6, 1915. The deed of trust provided for the sale of the land upon the happening of certain contingencies, and the trustee's deed recites that such contingencies have happened. The appellee further claimed title in his petition through voluntary conveyance from the said Add Ran College, and charges the facts to be that he deraigned said title through said voluntary conveyance in the following manner: That on the 21st

day of December, 1904, under authority of a resolution previously adopted by the board of directors of said college, the said college conveyed the property by its deed to E. V. Zollars, J. C. Mason, J. M. Strong, L. Gough, and R. H. Norton, as trustees, to be held by them for the purposes stated in said deed and authorizing them thereafter, upon the happening of certain events, to convey said property to the Texas Christian University, a corporation; that the deed was filed for record on the ——— day of December, 1904, and recites a consideration of $1, and that the said Add Ran College, acting under authority of a resolution passed by its board of directors, sold and conveyed unto the said Zollars, Mason, Strong, Gough, and Norton, the said promises, describing the land in controversy. The deed sets out in full the resolution adopted by the board of directors of said college. It is further alleged that on or about June 26, 1915, the said trustees executed and delivered a deed conveying said property to the Texas Christian University, and that thereafter the Texas Christian University, authorized by a resolution of its board of directors, conveyed the property by deed to appellee; that appellee and those under whom he claims have had and held peaceable and adverse possession of the property, holding and claiming under title and color of title more than three years next before the filing of his petition, and that he and those under whom he claims have had and held peaceable and adverse possession of said property, cultivating, using, and enjoying the same, and paying all taxes due thereon, and claiming the same under deeds duly registered for a period of more than five years next before the filing of his petition, and that he and those under whom he claims have had and held peaceable and adverse possession of the property, cultivating, using, and enjoying the same and claiming to own the same for a period of ten years next before filing of his petition. Appellee further alleges that on October 12, 1905, appellant filed suit on certain notes in the county court of Deaf Smith county, Tex., against Add Ran College, as defendant, in cause No. 90, and at the time of filing such suit caused a writ of attachment to be issued and levied on block No. 23, Evants addition to the town of Hereford, which was the property of Add Ran College; that on January 2, 1906, appellant obtained judgment in said court in said cause against said Add Ran College, for the sum of $600, with interest thereon from April 28, 1903, at the rate of 10 per cent. per annum, and all costs of suit, and thereafter caused an execution to issue on said judgment and levied on said block 23, and the same was sold under said execution by the sheriff of Deaf Smith county, for the sum of $240 to appellant, which appellee charges was materially less than the value of said property; that appellant had caused an alias execution to be issued on said judgment and placed the same in the hands of the sheriff of Deaf Smith county, Tex., who had levied the same on part of the block 19 in said Evants addition, claiming that said property was still owned by Add Ran College, and subject to be sold in satisfaction of the balance due on said judgment; that said sheriff had advertised the same to be sold under said alias execution on the first Tuesday in October, 1915, and unless restrained would sell said property at that time; that appellant further claimed that the deed, dated December 21, 1904, from Add Ran College to Zollars et al., is void as to appellant because as a fact appellant was a judgment creditor of Add Ran College, and that the conveyance was made for the purpose of delaying, hindering, and defrauding the creditors of said college. Appellee alleges further that at the time of the conveyance by the said college to the said Zollars et al. the said college owned other property in the state of Texas, subject to execution, of value more than sufficient to pay off and discharge all of its debts; that unless restrained the sheriff will sell said property, thereby placing a cloud on appellee's title, and compel appellee to resort to an action to remove the same.

Appellant answered the petition by general demurrer, and by special exception to that portion of the petition wherein it is charged that appellee acquired title at the trustee's sale under a deed of trust dated August 13, 1904, which secured the two notes—one due in 1905 and the other 1904—because limitation had barred said lien and no extension was shown, as provided for by the acts of the Legislature of 1913, and the sale under the trustee's deed was shown by the petition to have been on July 6, 1915. The court overruled the general demurrer and special exceptions. Appellant further answered by general denial and also pleaded as a special defense that the property in controversy was conveyed by Add Ran College to E. V. Zollars, and the other trustees, without consideration, as a donation and gift, and in fraud of the creditors of said college, and at the time of the conveyance the said college did not own other property aside from that conveyed, exceeding in value $400, and at the time of such conveyance the said college owed to appellant and other persons more than $3,000; that no part of said indebtedness had been paid by said college, except the amount of $240, which was paid on appellant's judgment by sale under execution of said block 23, and that the said college owed the said indebtedness upon which the judgment was rendered prior to the time it conveyed the said property to the said trustee, and that the said judgment was duly abstracted, recorded, and indexed, in Deaf Smith county, Tex., in the proper records, on September 19, 1912, and constitutes

a judgment lien upon the property in controversy; that at the time the said Dodson foreclosed the said deed of trust the same was barred by the statute of limitations; that the said deed of trust was executed prior to July 14, 1905, and that the indebtedness it secured was more than four·years past due at the time the acts of 1913 became effective; that suit was not brought thereon within twelve months after said act became effective, and the extension provided for by said act was not procured and recorded as and at the time provided for in said act. Appellant prayed that the injunction theretofore granted be dissolved; that the deed from Add Ran College to the trustee, the deed from the trustees to the Christian University, and the deed from the Christian University to appellee all be canceled and annulled, and that appellant's judgment lien be decreed to be superior to the rights, title, or claim held, owned, or claimed by the appellee to the said property, and that the appellant have his decree, foreclosing his said judgment lien on said land, for costs of suit and for general and special relief. In reply to appellant's answer and cross-action appellee filed his first supplemental petition, which contained a general demurrer and two special exceptions; the first special exception being:

"Because it appears therefrom that the defendant's cross-action, attacking the deed from Add Ran College to Zollars et al., accrued more than four years from the filing of his answer and cross-action, and is therefore barred by the four-year statute of limitations."

The second exception is:

"And the said plaintiff specially excepts to that part of the defendant's answer pleading limitation as to the sale of the land in controversy under the trust deed pleaded by plaintiff, because said plea of limitation is no defense to plaintiff's cause of action."

These exceptions are followed by a general denial, a special plea of limitation, and the further allegation that any right the defendant may have had to attack the deed from Add Ran College to Zollars et al. as being in violation of the statute of frauds accrued more than four years from the filing of his answer and cross-action, and that said cross-action and his suit to set aside said deed for fraud are barred by the statute of limitation of four years. The court sustained both the appellee's first and second special exceptions to defendant's answer. A jury was waived and the case tried before the Court, resulting in a judgment in favor of the plaintiff, perpetuating the injunction theretofore granted, restraining the defendant from causing said land to be sold under execution, and for costs of suit.

There is an agreed statement of facts, which, omitting the formal parts, is as follows:

"We, the parties to the above entitled and numbered cause, whose names are signed hereto, being all the parties to this suit, hereby agree as to a statement of facts, to wit: That all of the allegations of fact contained in plaintiff's original petition and the Exhibits A, B, and C, thereto attached, are true and correct, save and except the allegations as to the value of the property and the allegations of limitation pleaded in said petition as title to said property in plaintiff. We also agree to submit this case as an agreed case under the provisions of the statute, and that it may be determined accordingly."

This is signed by counsel, and approved by the trial judge.

The first assignment is that the court erred in overruling defendant's special exception to plaintiff's original petition. The proposition following this assignment is that a deed of trust lien, dated August 13, 1904, securing two notes, one due in 1905, and the other in 1904, is barred by the statute of limitations under the acts of 1913, on the 6th day of July, 1915, where suit has not been filed or an extension had as provided by the acts of 1913, and a sale made by a trustee after limitation had barred the lien was void and passes no title to the purchaser at such sale. Appellee urges a counter proposition that the court did not err in overruling the special exception because articles 5693 and 5695, Vernon's Sayles' Civil Statutes, are obnoxious to that clause of section 10, art. 1, of the Constitution of the United States, which forbids any state to pass any law impairing the obligation of a contract, in that the Texas statute referred to absolutely deprives the holder of the deed of trust in the instant case of his right secured by contract to have the property sold in satisfaction of his debt under the power of sale created by the deed of trust. The deed of trust under which appellee Shirley derived title was executed August 13, 1904, and was duly filed for record in Deaf Smith county August 26, 1904. The instrument contained a power of sale in the usual form authorizing the trustee in default of payment of the notes, to sell the property and convey it to the purchaser. At a sale by the trustee on the first Tuesday in July, 1915, after proper advertisement and strictly in accordance with the provisions of the power of sale, appellee became the purchaser, and the trustee executed a deed in proper form, conveying him the property. It is contended by appellants that by reason of the above-named statutes this sale is a nullity. Article 5693 is:

"No power of sale conferred by any deed of trust or any mortgage on real estate heretofore executed, or that may hereafter be executed, shall be enforced after the expiration of four years from the maturity of the indebtedness secured thereby, and any sale under such power after the expiration of such time shall be void, and such sale may be enjoined and the lien created in such mortgages or deeds of trust shall cease to·exist four years after the maturity of the debt secured thereby: Provided, if several obligations are secured by said mortgage or deed of trust, the same may be enforced at any time prior to four years after the note or obligation last maturing has matured and may be enforced as to all notes or obligations not then barred by the four-year statute of limitations."

The original act was passed in 1905, and amended in 1913, and the amendment affects directly the contract under consideration, which was in existence before the passage of the original act. The obligations were barred before the amendment of the act in 1913, and the effect of the act is to prohibit the execution of the power of sale for the payment of all notes barred by the four-year statute at the date of the passage of the act. We think the appellants' contention is incorrect.

"It is a fundamental principle of constitutional law in reference to the obligation of contract that the laws in force at the time of making a contract and the right to a remedy enter into and form a part of it as if they were expressly referred to or incorporated in its terms, and that they likewise constitute a part of its obligation. The remedy, which is protected by the contract clause of the Constitution, is something more than the privilege of having a claim adjudicated. Mere judicial inquiry into the rights of parties is not enough. There must be power to enforce the results of such an inquiry before there can be said to be a remedy which the Constitution deems a part of the contract. Nothing is more material to the obligation of a contract than the means of its enforcement. The idea of validity and remedy are therefore inseparable, and both are parts of the obligation which is guaranteed by the Constitution against impairment." 6 R. C. L. p. 355, § 352.

"It sometimes happens that the parties contract concerning the remedy: For example, they may stipulate in the body of the contract that in case of failure of payment by a certain day of a debt secured by mortgage, there shall be no stay of execution or that the mortgagee may enter and sell the mortgaged estate, or that all exemption rights shall be waived. In such cases the rule is that the remedy becomes part of the obligation of the contract, and any subsequent statute which affects the remedy impairs the obligation, and is unconstitutional." Id. p. 361, § 356.

"The general rule is that the law in force at the time a mortgage is executed, with all the conditions and limitations it imposes, is the law which determines the force and effect of a mortgage, and hence it is that change in the laws imposing conditions and restrictions on a mortgagee, in the enforcement of his right, and which affect its substance, are invalid as impairing the obligation, and cannot prevail. Following this rule the law will not permit changes to be made by statute, which, as to pre-existing mortgages, extend or otherwise alter the period of redemption, even though a sale has not yet taken place, or direct that decrees be made on a longer period of credit than was allowed at the date of the mortgage, or alter the right of a mortgagee to sale on foreclosure, subject only to the redemption provided for by the law in force when the mortgage was made." Id. 360, p. 365.

The Supreme Court of this state, in the case of Goldfrank, Frank & Co. v. Young, 64 Tex. 432, held that the statute of limitations, in actions for debt, affected the remedy only, and that it did not deprive the creditor of a remedy when he had provided by contract to enforce through a power of sale contained in a trust deed the payment of his claim, without the assistance of the courts, and that rules of equity regarding laches and stale demands only applied. Article 5693 would destroy the right existing in this case declared to exist in Goldfrank,

Frank & Co. v. Young. Article 5695 provides for the extension of any contract referred to in either of the two preceding articles, and its record in the county clerk's office of the county in which the land is situated. It further provides that after such record the lien shall continue to be in force until four years after the maturity of the notes, as provided in such extension. It is further provided that the owners of all notes secured by deeds of trust executed prior to July 14, 1905, and which are more than four years past due at the time this act takes effect, shall have twelve months after the act takes effect within which they may obtain such record extension or bring suit to enforce the lien securing them, if the same are valid obligations when this act takes effect, etc. At the time of the amendment in 1913 appellee's notes were more than four years past due, and were therefore not "valid obligations," and the effect of this article, when construed in connection with article 5693, is to deprive appellee of any remedy whatever for the collection of his debt. Section 10, art. 1, of the Constitution of the United States, and section 16, art. 1, of the Constitution of the state of Texas, relate to the remedy when the effect of the legislative act is to deprive the creditor of all remedy against his debtor. The right and a remedy, substantially in accordance with the right, are equally parts of the contract secured by the laws of this state. As held in Goldfrank, Frank & Co. v. Young, supra, appellee would have no right to collect his debt through the courts; but, having provided in his contract a method for enforcing his rights, a law which restricted the power of sale, or as in this case entirely destroyed it, is in contravention of the two constitutional provisions mentioned. If the effect of the statute had been merely to change the remedy it would not have been objectionable, but where its effect is to entirely destroy all remedy, the Supreme Court of the United States, followed by the decisions of this state, and other jurisdictions, have uniformly held that such law is, to that extent, inoperative and void. Edwards v. Kearzey, 96 U. S. 595, 24 L. Ed. 793; Von Hoffman v. Quincy, 4 Wall. (71 U. S.) 535, 18 L. Ed. 403; Bronson v. Kinzie, 1 How. (42 U. S.) 311, 11 L. Ed. 143; Seibert v. United States, 122 U. S. 284, 7 Sup. Ct. 1190, 30 L. Ed. 1161; Brine v. Hartford Ins. Co., 96 U. S. 627, 24 L. Ed. 858; Barnitz v. Beverly, 163 U. S. 118, 16 Sup. Ct. 1042, 41 L. Ed. 93; Louisiana v. New Orleans, 102 U. S. 203, 26 L. Ed. 132; McLane v. Paschal, 62 Tex. 102; M., K. & T. Ry. Co. v. Hudgins, 60 Tex. Civ. App. 344, 127 S. W. 1183. These authorities, and many others which might be cited, sustain the rules quoted from 6 R. C. L. above and the list might be multiplied many times by citing the cases upholding the text and the authorities cited in the opinions of such cases.

Without discussing the proposition under

the third assignment, that the court erred in sustaining plaintiff's first special exception to the defendant's original answer, we think the contention here is settled by the agreed statement of facts. As shown above, the parties agreed that all of the allegations of fact contained in plaintiff's original petition are true and correct. The petition alleges that the deed executed by Add Ran College to Zollars et al., trustee, was not executed with any intent to hinder, delay, or defraud the creditors of the college, nor under any other circumstances rendering it void under the provisions of the statute of frauds. It is also alleged that at the time of the execution of said deed the college had other property in this state subject to execution, of value more than sufficient to pay its debts. Under this agreement the ruling of the court upon the exception becomes immaterial, and the error, if any, is harmless.

The judgment is affirmed.