### CRUTCHER et al. v. AIKEN et al.
#### (No. 1486.)

(Court of Civil Appeals of Texas. El Paso.
May 10, 1923. Rehearing Denied
June 7, 1923.)

1. **Vendor and purchaser** ⬥130(8)—**Current taxes held defect in title.**

An abstract containing tax collector's certificate, dated December 5, that taxes were paid to the preceding January, does not show merchantable title, as taxes for the current year are due October 1st, so that the certificate shows an outstanding lien therefor.

2. **Vendor and purchaser** ⬥130(8)—**Abstract showing unreleased liens not sufficient.**

Where an abstract in 1921 showed deeds of trust executed before 1905 by former owner containing the usual powers of sale, with no release thereof of record, such unreleased liens constituted a cloud upon the title, although no renewals of the indebtedness secured thereby appeared of record.

3. **Vendor and purchaser** ⬥130(2)—**Judgments against former owner held cloud on title.**

Judgments against a former owner of land recorded about the time of his deed to his wife *held* to cloud title as suggesting that the conveyance to her was fraudulent.

4. **Vendor and purchaser** ⬥143—**Where no duty on purchaser to point out defects, defects not pointed out are not waived.**

Where a contract imposed no obligation upon purchaser to point out defects in title for purposes of correction, but required vendor to furnish abstract showing good merchantable title, purchaser *held* not estopped to assert that the title was defective in particulars to which he had not objected.

Appeal from District Court, Nolan County; W. P. Leslie, Judge.

Suit by Mattie Della Crutcher and others against J. O. Aiken and others. From judgment for defendants, plaintiffs appeal. Affirmed.

Jno. J. Ford, Geo. W. Outlaw, C. E. Mays, Jr., and Ellis Douthit, all of Sweetwater, for appellants.

Ed. J. Hamner, of Sweetwater, for appellees.

HIGGINS, J. Appellants brought this suit against the appellees, J. O. Aiken and Texas Bank & Trust Company, to recover the sum of $1,000, deposited by Aiken with the bank under the terms of a contract of sale of land entered into on November 15, 1921, between appellants, as first parties, and Aiken, as second party. The case was tried without a jury, and judgment rendered in favor of appellees.

The contract provided that the appellants should convey the land by general warranty deed, reserving a lien to secure the payment of purchase-money notes to be executed by Aiken in part payment. The contract price was $25,600, $8,000 of which was to be paid in cash. Pertinent provisions of the contract are as follows:

"Said parties of the first part agree to furnish party of the second part with an abstract of title to said land showing a good, merchantable title to same in them. It is understood and agreed that this contract and agreement is to be carried out and consummated on or by January 1, 1922, and as an evidence of good faith, and to secure the parties of the first part against any loss by reason of their entering into this contract, party of the second part hereby agrees to deposit with a copy of this contract at the Texas Bank & Trust Company, of Sweetwater, in Nolan county, Texas, to be held in escrow by said bank, the sum of one thousand dollars, to be forfeited and paid to parties of the first part as liquidated damages in case parties of the first part shall comply with their contract as provided herein, and party of the second part shall fail or refuse to carry out and perform this contract as it pertains to him as provided herein."

Plaintiffs alleged that on December 10, 1921, they delivered an abstract of title to the land to Aiken's attorney, and the same was returned to them two or more times for correction, and that all objections made to the title were met, the abstract corrected, and on or about January 1, 1922, Aiken accepted the record title as shown by the abstract, and made no further objection thereto, whereupon the plaintiffs tendered deed which Aiken refused to accept, and refused to perform his obligations under the contract; that the abstract furnished Aiken disclosed a good merchantable title vested in plaintiffs, but, if it did not, Aiken had waived and was estopped from asserting that the title was defective by his failure to point out any objection to the abstract, and his acceptance thereof. In addition to the general denial Aiken set up that time was of the essence of the contract, and that the plaintiffs had not furnished an abstract showing good and merchantable title in them within the time limited by the contract, nor at any subsequent time, nor had they tendered deed within the time limited. The Texas Bank & Trust Company answered that it was a disinterested stakeholder, ready to abide the decision of the court. Plaintiffs filed supplemental pleadings, the contents of which need not be detailed. It is sufficient to state that it was sufficient to present all issues raised by this appeal. By supplemental petition Aiken offered to accept and pay for the land as provided in the contract whenever the plaintiffs were able to furnish an abstract showing good and merchantable title to the land vested in them. The trial court filed lengthy findings and conclusions. It is unnecessary to state same, as there is no dispute as to the

material facts controlling the rights of the parties. These will be indicated in the course of the opinion.

[1] It appears that January 1, 1922, was Sunday and the following day the Texas Bank & Trust Company remained closed. The plaintiffs therefore did not tender their deed until January 3d. There is much discussion in the briefs upon the question of whether time was of the essence of the contract, and the failure to tender deed within the time limited released Aiken from his obligation to purchase. These questions are entirely eliminated by Aiken's supplemental petition, wherein he offered to accept the land and comply with the contract when the plaintiffs were able to furnish an abstract showing good and merchantable title. This constitutes an express waiver of any failure upon the part of the plaintiffs to furnish such abstract and tender deed within the time limited by the contract. Furthermore, under our view of this case that feature of the contract becomes unimportant. Under the contract sued upon it was incumbent upon the plaintiffs to show that they have furnished an abstract of title showing a good and merchantable title to the land vested in them. The trial court found against them upon this issue. The abstract of title furnished and offered in evidence by appellants upon the trial contained a certificate from the tax collector dated December 5, 1921, that the records of his office disclosed the payment of taxes upon the land to January 1, 1921. Taxes constitute a lien upon the land, and the taxes for the year 1921 were due upon the 1st of October of that year. There was thus an outstanding lien upon the land.

In Echols v. Miller (Tex. Civ. App.) 218 S. W. 48, the vendor had obligated himself to furnish an abstract showing good and merchantable title. He tendered an abstract showing taxes for the current year unpaid. Such taxes were then due. The purchaser rejected the title. In a suit by the vendor to recover a sum deposited by the vendee to be forfeited for failure to perform it was held that the tax lien constituted a valid objection. In this connection, see, also, Wright v. Bott (Tex. Civ. App.) 163 S. W. 360.

[2] Appellants title was deraigned through a deed dated April 1, 1914, recorded October 11, 1915, from S. W. Crutcher to his wife, Mattie Della Crutcher, one of the appellants. The deed recites a consideration of love and affection and an antecedent indebtedness of $2,000 and 25 years' interest thereon. The abstract disclosed two deeds of trust executed by Crutcher prior to 1905 containing the usual powers of sale. No release of these liens appear of record. Notwithstanding the fact that no renewals of the indebtedness secured by these deeds of trust appear of record, yet these unreleased liens constitute a serious cloud upon the title, in view of the rulings in Womble v. Shirley (Tex. Civ. App.)

193 S. W. 719, and Chapin v. Frank (Tex. Civ. App.) 236 S. W. 1006.

[3] Another feature of the title relates to certain judgments in large amounts abstracted and recorded against S. W. Crutcher about the date of the record of this deed to his wife. Without going into all of the details relating to this phase of the title we are of the opinion that it suggests a suspicion that the conveyance from Crutcher to his wife was fraudulent, and thus clouds the title.

For the reasons indicated, we are of the opinion that the trial court correctly held that the abstract did not disclose a good nd merchantable title vested in appellants. This being true, it remains only to be considered whether Aiken is precluded from defending upon that ground.

[4] Appellants assert that he had waived any defects disclosed by the abstract, and is estopped from asserting that the title is defective. The general rule of law is:

"That so long as the contract remains executory the purchaser shall not be compelled to pay the purchase money and take a defective title." Baldridge v. Cook, 27 Tex. 565.

A waiver by Aiken of his right to demand a good, merchantable title was not binding upon him unless supported by a consideration or accompanied by circumstances which would estop him from withdrawing his waiver. No contention is made of a waiver upon a consideration, and the question is reduced to one of estoppel. The appellants' proposition in this connection is:

"Where a contract for the sale of real estate, time not being of the essence of the contract, requires the vendor to furnish an abstract of title showing a good and merchantable title, and an abstract is furnished and the purchaser proceeds to have same examined, having his attorney point out objections and passing the abstract back twice for correction, and the vendor correcting all objections pointed out and the purchaser makes no further objection to the record title, but refuses to go further with the contract, assigning as a reason an unfounded objection as to a matter outside the record, then, when sued for a breach of his contract, such purchaser cannot for the first time set up other and further reasons as an excuse for his failure to perform his part of the contract, he having by his conduct waived the same and estopped himself to so assert."

The trial court found:

"That plaintiff, on or about December 10, 1921, furnished an abstract of title to said lands to the defendant Aiken's attorney, who examined the same and returned it to the plaintiffs or their attorney, pointing out defects contained in said abstract of title; that such abstract was again returned by plaintiffs to defendant or his attorney about December 20, 1921, for further examination; that plaintiffs attempted and undertook to remedy such defects and objections as were urged by defendant's attorney, and supplemental abstract was

furnished defendant's attorney, December 30, 1921, and again final abstract was so furnished January 3, 1922, at about 9 o'clock a. m."

On January 4, 1922, Hon. R. A. Ragland, attorney for Aiken, advised the latter as follows:

"I have carefully examined the abstract of the title to section No. 63, in block No. 22, T. & P. Ry. Co. survey, in Nolan county, Texas, and studied all of the surrounding conditions and circumstances and beg leave to report to you that I think that the said abstract shows th superior title to the said land to be in Mrs. Mattie D. Crutcher and children, the Pierce heirs, but their said title is not merchantable for the reason that serious threats are openly made that a suit will certainly be filed contesting their said title. Of course, I do not and cannot know whether these threats will materialize into a suit or not, but I do not believe that it would be possible for you to get a loan on this land in the present condition of the title. I, therefore, do not think that you would be at all safe in accepting the title to this land."

Thereupon Aiken declined to accept the title.

The contract in this case imposed no obligation upon Aiken to point out defects in the title, and afford appellants an opportunity to correct same. Had this obligation been imposed upon him, and he had failed to do so, it may be that he would be estopped from thereafter asserting that the title was defective in particulars to which he had not objected. This would be true because the duty to speak was imposed upon him. A failure to do so would deprive the vendor of the opportunity to correct the defects within the required time. Under the terms of the contract it was appellants' duty to furnish an abstract showing a good, merchantable title, and this the abstract did not do. The one which they offered in evidence upon the trial disclosed the defects indicated above, and the authorities support the view that an estoppel has not arisen against Aiken. Sweet v. Berry (Tex. Civ. App.) 236 S. W. 540; Poulton v. Magruder (Tex. Civ. App.) 243 S. W. 514; Ins. Co. v. Perkey, 89 Tex. 604, 35 S. W. 1050; Wagoner v. Dodson, 96 Tex. 415, 73 S. W. 517.

The remaining propositions have been considered, and present no error.

Affirmed.