## MIDDLETON v. MOORE. (No. 2916.)*

Court of Civil Appeals of Texas. Amarillo.
Nov. 30, 1927.

Rehearing Denied Jan. 18, 1928.

**1. Vendor and purchaser ⬅➡329—Where vendor agreed to furnish abstracts showing merchantable title, abstracts tendered but not examined by purchaser are admissible in vendor's action for forfeit money.**

Where contract for sale of land required vendor to furnish abstracts of title showing good merchantable title in him and purchaser pleaded that abstracts, which were not examined by him when tendered, did not show such title, such abstracts are admissible in vendor's action to recover forfeit money for purchaser's breach.

**2. Vendor and purchaser ⬅➡130(2)—Vendor's title depending on judgment on constructive service against third parties who may have interest is not merchantable for two years after rendition of such judgment (Rev. St. 1925, art. 2236).**

Where title of vendor depends, in part, on judgment rendered against third parties who may have interest in land and on constructive service of process, title is not merchantable, under Rev. St. 1925, art. 2236, until after expiration of two years from date of rendition of such judgment.

**3. Judgment ⬅➡142—Court must review whole case if defendants on whom constructive service was had file petition alleging no notice of suit and good defense.**

Where constructive service of process was had on defendants in suit involving title to land, court must review whole case, if any of defendants file petition averring that they had no notice in fact of suit and that they had good defense.

**4. Judgment ⬅➡93—Statutes governing default judgments are strictly construed.**

Statutes relating to default judgments are strictly construed.

**5. Vendor and purchaser ⬅➡130(2)—For vendor's title depending on default judgment to be merchantable, compliance with statutes must appear unless compliance may be presumed from recitals in judgment.**

Where vendor's title depends in part on default judgment, strict compliance with all requirements of statutes relating to default judgments must appear to render title merchantable unless recitals in judgment itself are such that compliance may be presumed.

**6. Vendor and purchaser ⬅➡129(1)—Purchaser need not carry out his part of contract when there is defect in vendor's title.**

So long as contract for sale of land is executory, purchaser is not bound to accept defective title or one which does not comply with requirements of contract, and he need not proceed to carry out his part of contract when such defect in title exists.

**7. Vendor and purchaser ⬅➡141—In absence of express provision in land contract, purchaser need not point out defects in title.**

In absence of provision in contract for sale of real estate, specifically requiring purchaser to point out defects in title, he is not bound to do so.

**8. Vendor and purchaser ⬅➡141 — Vendor, knowing he has not merchantable title which he agreed to convey, cannot complain that purchaser failed to notify him of defects.**

Vendor who has contracted to convey good, merchantable title, and who knows he has no such title, cannot complain of purchaser's failure to notify him of defects.

**9. Vendor and purchaser ⬅➡170—Purchaser need not tender performance, where vendor's abstract shows defect of title which cannot be cured within reasonable time.**

Purchaser is not required to tender performance where title shown by vendor's abstract was not good and merchantable as provided in contract, in that it depended on judgment against persons on whom constructive service was had and two years had not elapsed so that defect could not be cured within reasonable time, notwithstanding purchaser's failure to examine abstract, since purchaser is never bound to do vain thing.

**10. Vendor and purchaser ⬅➡143—Purchaser by refusing to examine abstract held not to waive failure of title; "waiver."**

Defect in vendor's title, in that it depended on judgment against persons on whom constructive service was had and two years had not elapsed, held, not waived by purchaser's failure to examine abstract where purchaser knew nothing of condition of title at time, since knowledge is essential element in establishing "waiver," which is intentional reliquishment of known right based on consideration.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Waiver.]

**11. Appeal and error ⬅➡930(3)—Reviewing court cannot presume in support of judgment that trial court found issues of waiver and estoppel in plaintiff's favor, where such issues were not submitted to jury.**

Where in action involving land contract issues of waiver and estoppel as to defect in vendor's title were not submitted to jury, reviewing court cannot presume in support of judgment for vendor that trial court found either issue in his favor, where abstracts tendered in evidence showed title was not good, since judge's power to make findings where none are submitted or requested does not extend to independent grounds of recovery or defense.

Appeal from District Court, Lubbock County; Clark M. Mullican, Judge.

Suit by Louie F. Moore against J. P. Middleton. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

See, also, 289 S. W. 1045.

Bean & Klett, of Lubbock, for appellant.

Lockhart & Garrard, of Lubbock, for appellee.

HALL, C. J. This suit was filed originally by the appellee, Moore, to enforce specific performance of a contract for the sale of certain lands, and, in the alternative, to recover $500 forfeit money deposited in the First National Bank, said bank being made a party.

Upon the first trial, the district court decreed specific performance of the contract. This judgment was reversed by this court, and the cause was remanded for trial upon the rights of the parties to the $500 in the bank. See 289 S. W. 1045.

After reversal, Moore amended his petition, eliminating his action for specific performance, and sought to recover the forfeit money which had been reduced to $450 by the court in awarding $50 to the bank's attorneys. By the amended petition, plaintiff sought to recover this $50.

He alleged, in substance, that on November 2, 1925, he entered into a contract with Middleton by the terms of which he was obligated to sell and convey to Middleton certain land described therein for a total consideration of $11,000, of which $3,750 was to be paid in cash upon delivery of the deed, and the execution by defendant of one note for $3,000, and the assumption of a debt against 20 acres of the land; that the $500 was placed in the First National Bank as forfeit money, but was to be applied as part of the cash payment if the deal was closed; that in the event of the failure on the part of defendant to close the deal according to the terms of the contract, on the 1st day of December, 1925, the bank was authorized to pay plaintiff said $500 as liquidated damages. Plaintiff alleged that he performed all the things required of him under the contract, but that Middleton had wholly failed and refused to perform, to plaintiff's damage in the sum of $500; that $50 of the $500 had been awarded to the bank's attorneys, and that Middleton, in justice and equity, was due said amount to plaintiff; that he had caused to be prepared an abstract of title to the land, and in accordance with the contract offered the same to Middleton for examination, but the latter had failed and refused to accept the abstract and have the title examined, and failed to perform said contract, by reason whereof he waived all exceptions and objections to the title, and had never given plaintiff an opportunity to correct the defects in the title, if any there were, shown by the abstract.

The defendant, Middleton, answered by general demurrer, special exception, and that plaintiff had pleaded no facts showing that defendant had waived the furnishing of an abstract showing merchantable title. The answer further admitted that he did enter into a contract on November 2, 1925, for the purchase of 20 acres of land in Lubbock county, and by verbal agreement the time of performance was extended to about January 1, 1926;

that he would have consummated the transaction but for the fact that plaintiff failed and refused to· carry out and perform the whole contract, as actually agreed upon; that part of the agreement was left out of the original written contract by fraud, accident, or mistake, to wit, that it was agreed that $3,000 of the purchase price of the land was to be secured by a lien for that amount on a tract of land in Kent county, which said indebtedness, however, was not to be a personal obligation of the defendant, but merely a lien against the land; that when the parties undertook to close the deal the plaintiff, Moore, refused to accept a deed of trust and note fixing a lien on the Kent county land, said note not carrying with it the personal liability of Middleton; that he would have closed the transaction, if the title had been found merchantable, except for the fact that plaintiff refused to comply with his agreement as to the personal liability of defendant on the note, but that plaintiff breached the contract and is therefore not entitled to the forfeit money.

It is further alleged that the contract for the purchase of the two 10-acre tracts of land provided that the $500 forfeit money placed in the bank be applied as a part of the cash payment, but in the event of Middleton's default in closing the deal, after sufficient title had been made, the bank was authorized to pay over the forfeit money as liquidated damages; that it was, under the contract, the duty of plaintiff to furnish, by December 1, 1925, or in all events by the time the deal was closed, an abstract to the 20 acres of land, showing plaintiff to be the owner thereof by merchantable title, subject only to the notes that were to be assumed. He alleged that plaintiff did not, by December 1st or any other time, tender or furnish an abstract to said premises which showed him to be the owner thereof by merchantable title, although that was a condition precedent to any obligation on defendant's part to permit the earnest money to be paid to plaintiff. He further alleged that the abstract which plaintiff Moore had to the 20 acres of land did not show a good and merchantable title, but was defective in that it failed to show the payment of taxes for the year 1925, and for the further reason that the validity of the title depended upon a judgment based upon citation by publication, which said judgment had not been rendered as much as two years.

The plaintiff filed a supplemental petition consisting of general demurrer and special exceptions, a general denial, and further alleged that immediately after entering into the contract he had his abstract brought down to date of November 27, 1925, and on said date he tendered the abstract to defendant for examination, but defendant asked for more time in which to close the transaction, and by mutual agreement the time was extended; that later on he again tendered the .

abstract to defendant, who refused to accept it or have it examined, giving as the sole and only reason for such refusal the fact that plaintiff would not accept defendant's note for $3,000 without his personal liability, said note to be secured only by a lien upon the Kent county land; that defendant refused to receive the abstracts or have them examined and never, at any time, pointed out any defects in the title or gave plaintiff any opportunity to have them corrected, and only objected to the title after the suit was filed; that by reason of the fact that Middleton refused to accept the abstracts or have them examined he had waived all defects and he denied that he ever, at any time, agreed to accept a note of $3,000 secured by a lien upon land only, and upon which Middleton would not be personally liable, and further alleged that if Middleton had offered any objections to the title, he would have cured them, in accordance with the contract.

The cause was submitted to a jury upon special issues, the findings being, in substance, as follows:

(1) It was not agreed and understood between the parties, at the time or prior to the making and executing of the written contract, that the note for $3,000 was to be secured by a lien upon the Kent county land only and without the personal liability of Middleton.

(2) It was not a fact that a stipulation that $3,000 was to be secured by lien on the Kent county land, and not by personal obligation of the defendant, was omitted or left out of said contract by mutual mistake.

(3) The plaintiff, Moore, did, on or prior to the day they attempted to close the deal, furnish or offer to defendant, Middleton, abstracts to the two tracts of land in Lubbock county for examination.

(4) That the defendant, Middleton, refused to receive said abstracts.

Based upon this verdict, the court rendered judgment in favor of plaintiff, Moore, for $500 and costs, with interest at the rate of 6 per cent. per annum from January 1, 1926, ordering the $450 in the registry of the court to be credited upon the judgment.

The effect of the jury's findings is that the writing constitutes the entire contract between the parties; that on or prior to the day they met for the purpose of closing the deal, Moore had tendered to Middleton abstracts of title, which the latter refused to accept and have examined. It is conceded that the date fixed for consummating the transaction was, by agreement, extended from December 1, 1925, to about January 1, 1926, and that on the last-named date Middleton refused to close, because Moore insisted that Middleton give a note for $3,000 upon which the latter would be personally liable, it being the contention of Middleton that such note should be secured only by a lien upon some Kent county land, and that he was not to be

personally liable for the amount. The jury found against Middleton upon this issue.

The material stipulations in the contract of sale are as follows:

"Party of the first part agrees to furnish to party of the second part one complete abstract covering tracts Nos. 1 and 2 aforesaid, showing good and merchantable title in him, subject only to the amounts to be assumed by party of the second part. In the event title is not merchantable, it is agreed a reasonable time is to be allowed in which to perfect same.

"Second party places with this contract in the First National Bank of Lubbock, the sum of $500 as forfeit money, which shall be applied as part cash payment when deal is closed, and in the event of failure on the part of second party to close deal after sufficient time has been made on or before December 1, 1925, hereafter, said bank is hereby authorized to pay over to said party of the first part the said forfeit as liquidated damages. It is further agreed if title has been approved by November 15, this deal is closeable on that date; however, it is mutually agreed that failure to close same on that date shall, in no way, affect the closing of said deal on December 1st thereafter, which is agreed by both parties to be the final date for the closing of this deal."

[1] The record shows that Moore tendered Middleton the abstracts, in accordance with the findings of the jury, and that Middleton did not accept them, nor were they examined for him. The appellant contends that the court erred in refusing to allow defendant, Middleton, to offer in evidence the two abstracts of title to the land in question, as they had been identified by the plaintiff, Moore, as being the ones he had prepared and intended to deliver to Middleton in closing the transaction. We sustain this contention. The contract bound Moore to furnish abstracts of title showing good, merchantable title in him. The appellant pleaded that the abstracts did not show such title, and this court held, on the former appeal of this case, that the title shown by the abstracts was not good and merchantable. See 289 S. W. 1045.

[2-5] The principal contention of the appellee on this appeal is that because Middleton refused to accept and have the abstracts examined he has waived the alleged defect in the title. It appears that Middleton had never seen the abstracts and knew nothing of the defect in the title until this suit was filed. If the title of the vendors depends, in part, upon a judgment rendered against third parties who may have an interest in the land, and upon constructive service of process, the title is not merchantable, under R. C. S. art. 2236, until after the expiration of two years from the date of its rendition. Smith v. Hunter, 241 Ill. 514, 89 N. E. 686, 132 Am. St. Rep. 231. If any of the defendants in this judgment should file a petition averring that they had no notice in fact of the suit, and that they had a good defense to the suit,

it would be the duty of the court to review the whole case. Snow v. Hawpe, 22 Tex. 168. The judgment shown in the abstract does not recite that service by publication was legally and properly perfected, and nothing in the abstract shows compliance with the statutes relating to default judgments. These statutes are strictly construed, and strict compliance with all the requirements of the statutes must appear, unless the recitals in the judgment itself are such that compliance may be presumed. Davenport v. Rutledge (Tex. Civ. App.) 187 S. W. 988; Fowler v. Simpson, 79 Tex. 611, 15 S. W. 682, 23 Am. St. Rep. 370; Byrnes v. Sampson, 74 Tex. 79, 11 S. W. 1073; Lopez v. Calzado (Tex. Civ. App.) 281 S. W. 324; McCarthy v. Burtis, 3 Tex. Civ. App. 439, 22 S. W. 422; Reitz v. Mitchell (Tex. Civ. App.) 256 S. W. 697.

At the time of the alleged breach, the defendants in this judgment had more than four months in which to institute proceedings to vacate it. Even though they should not succeed in their attempt, appellant's deposit would have been held for an indefinite period, and upon an uncertain contingency. This court said in Sweet v. Berry, 236 S. W. 531:

"Until the conditions upon which the deposit was made had been performed, the appellants [vendors] were not entitled to recover it or to retain it and demand further cash payment. An abstract showing a merchantable title was a condition precedent to the execution of the contract or to enforce it. * * * They are presumed at least to have known the condition of their title, and they showed the title they had, and, if it was not marketable, it would be a very unreasonable rule that would require the appellee to tie himself up by the contract together with his money an indefinite time, in order to permit appellants to institute a suit to perfect their title and to await the contingencies of a law suit. Instead of giving them a reasonable time, it would have been giving appellants an unreasonable advantage. The situation was through no fault of appellee." 5 Thomp. Real Prop. §§ 4295, 4314.

[6] So long as the contract is executory, the purchaser is not bound to accept a defective title or one which does not comply with the requirements of the contract in this particular (Burks v. Neutzler [Tex. Civ. App.] 289 S. W. 436; Sweet v. Berry, supra; Cooper v. Singleton, 19 Tex. 260, 70 Am. Dec. 333; Baldridge v. Cook, 27 Tex. 565; Greer v. International Stockyards Co., 43 Tex. Civ. App. 370, 96 S. W. 79), and he need not proceed to carry out his part of the contract when such a defect in the title exists (Cline v. Booty [Tex. Civ. App.] 175 S. W. 1081; Ferguson v. Mounts [Tex. Civ. App.] 281 S. W. 616).

[7] While it may be inferred from the contract in this case that Middleton would point out any defects found in the title, there is no stipulation expressly requiring him to do so. It is held that, in the absence of a provision in the contract specifically requiring the purchaser to point out the defects in the title, he is not bound to do so. 39 Cyc. 1521; Sweet v. Berry, supra; Crutcher v. Aiken (Tex. Civ. App.) 252 S. W. 844; Lessenich v. Sellers, 119 Iowa, 314, 93 N. W. 348; McCroskey v. Ladd, 3 Cal. Unrep. Cas. 433, 28 P. 216.

[8] A vendor who has contracted to convey a good merchantable title, and who knows he has no such title, cannot complain of the vendee's failure to notify him of the defects. 39 Cyc. 1522; Newberry v. French, 98 Va. 479, 36 S. E. 519.

[9] The rule which requires a tender of performance on the part of the purchaser does not apply where the title shown by the abstract is not good and merchantable, as provided in the contract. If Middleton had accepted and examined the abstract, Moore could not have cured the defect within a reasonable time and the purchaser is never bound to do a vain thing. Maupin on Marketable Title (3d Ed.) p. 213; 1 Sugd. Vend. (8th Ed.) 367; Bowles v. Umberson (Tex. Civ. App.) 101 S. W. 842; Faulkner v. Otto (Tex. Civ. App.) 230 S. W. 447.

[10, 11] From what we have heretofore said, we are of the opinion that there has been no waiver of the defect which may properly be termed a failure of title, because of Middleton's refusal to accept the abstract and have it examined and report the defect to Moore. The issues of waiver and estoppel were not submitted to the jury. We cannot presume in support of the judgment that the trial court found either issue in appellee's favor, since the abstracts tendered in evidence showed that the title was not good and merchantable, either when the contract was executed or at the time the parties met to consummate the deal. The only theory of the case upon which appellee could recover was that appellant had either waived the defect or was estopped to assert it by his failure and refusal to examine the abstracts and point out the defects.

As said in Citizens' National Bank v. Texas Compress Co. (Tex. Civ. App.) 294 S. W. 331, 337:

"In a trial by jury on special issues there must be an affirmative finding on every issue necessary to support the judgment. The power of the judge to make findings where none are submitted or requested does not extend to independent grounds of recovery or defense, but only to incidental or subsidiary findings necessary to support the judgment in connection with the issues in fact submitted to and found by the jury. A party may waive an issue upon which he relies for recovery or defense by not requesting its submission. In such case, the issue is treated as abandoned, and goes out of the case. There is no affirmative finding made thereon and the judge is not given the power to make such affirmative finding, merely because the opposing party, upon whom no duty in that regard rests, has not requested its submission. The duty to request issues under any circumstances extends only to those respectively which are essential to the cause of action or de-

fense of a party. There is no duty on the plaintiff to present purely defensive issues, and no duty on the defendant to present such as are essential to plaintiff's recovery, and where no duty is imposed, no waiver can be imputed."

The evidence wholly fails to sustain Moore's contention that Middleton waived the defect. Middleton knew nothing of the condition of the title until after he had asserted his right to rescind, and possibly until after Moore had filed this suit. Knowledge is an essential element in establishing waiver. A waiver is defined to be the intentional relinquishment of a known right based upon a consideration.

"The fundamental rule is that no one can be bound by a waiver of his rights unless such waiver is distinctly made with full knowledge of the rights which he intends to waive, and a knowledge of all the facts and circumstances affecting such rights." Ferguson v. Mounts (Tex. Civ. App.) 281 S. W. 619, 621; M., K. & T. Ry. Co. v. Hendricks, 49 Tex. Civ. App. 314, 108 S. W. 745; Id., 103 Tex. 667; Adams v. Paton & Co. (Tex. Civ. App.) 173 S. W. 546; Crutcher v. Aiken, supra; 40 Cyc. 255–265; Payne v. Beaumont (Tex. Civ. App.) 245 S. W. 94, 99; 2 Black on Rescission and Cancellation, § 591; 27 R. C. L. 908, 909.

The case seems to have been fully developed, and nothing can be gained by remanding it for another trial. The judgment is therefore reversed and is here rendered that Moore take nothing and that Middleton recover the amount of the deposit, with interest thereon at 6 per cent. from January 1, 1926.

Reversed and rendered.